**Fill in this information to identify your case:**

United States Bankruptcy Court for the:

NORTHERN DISTRICT OF ILLINOIS

Case number *(if known)* _____   Chapter __11__

☐ Check if this an
amended filing

Official Form 201

# Voluntary Petition for Non-Individuals Filing for Bankruptcy       4/16

If more space is needed, attach a separate sheet to this form. On the top of any additional pages, write the debtor's name and case number (if known).
For more information, a separate document, *Instructions for Bankruptcy Forms for Non-Individuals,* is available.

| | | |
|---|---|---|
| 1. | **Debtor's name** | **Gentlepro Home Health Care, Inc.** |
| 2. | **All other names debtor used in the last 8 years** <br> Include any assumed names, trade names and *doing business as* names | |
| 3. | **Debtor's federal Employer Identification Number** (EIN) | **36-3862042** |

| | | | |
|---|---|---|---|
| 4. | **Debtor's address** | **Principal place of business** | **Mailing address, if different from principal place of business** |
| | | **2060 East Algonquin Road Suite 702 Schaumburg, IL 60173-4162** | |
| | | Number, Street, City, State & ZIP Code | P.O. Box, Number, Street, City, State & ZIP Code |
| | | **Cook** | **Location of principal assets, if different from principal place of business** |
| | | County | |
| | | | Number, Street, City, State & ZIP Code |

| | | |
|---|---|---|
| 5. | **Debtor's website** (URL) | |

| | | |
|---|---|---|
| 6. | **Type of debtor** | ■ Corporation (including Limited Liability Company (LLC) and Limited Liability Partnership (LLP)) |
| | | ☐ Partnership (excluding LLP) |
| | | ☐ Other. Specify: |

Debtor    **Gentlepro Home Health Care, Inc.**    Case number (*if known*) _____
          Name

---

**7.   Describe debtor's business**    A. *Check one:*

■ Health Care Business (as defined in 11 U.S.C. § 101(27A))

☐ Single Asset Real Estate (as defined in 11 U.S.C. § 101(51B))

☐ Railroad (as defined in 11 U.S.C. § 101(44))

☐ Stockbroker (as defined in 11 U.S.C. § 101(53A))

☐ Commodity Broker (as defined in 11 U.S.C. § 101(6))

☐ Clearing Bank (as defined in 11 U.S.C. § 781(3))

☐ None of the above

B. *Check all that apply*

☐ Tax-exempt entity (as described in 26 U.S.C. §501)

☐ Investment company, including hedge fund or pooled investment vehicle (as defined in 15 U.S.C. §80a-3)

☐ Investment advisor (as defined in 15 U.S.C. §80b-2(a)(11))

C. NAICS (North American Industry Classification System) 4-digit code that best describes debtor.
See http://www.uscourts.gov/four-digit-national-association-naics-codes.

____

---

**8.   Under which chapter of the Bankruptcy Code is the debtor filing?**    *Check one:*

☐ Chapter 7

☐ Chapter 9

■ Chapter 11. *Check all that apply*:

■ Debtor's aggregate noncontingent liquidated debts (excluding debts owed to insiders or affiliates) are less than $2,566,050 (amount subject to adjustment on 4/01/19 and every 3 years after that).

■ The debtor is a small business debtor as defined in 11 U.S.C. § 101(51D). If the debtor is a small business debtor, attach the most recent balance sheet, statement of operations, cash-flow statement, and federal income tax return or if all of these documents do not exist, follow the procedure in 11 U.S.C. § 1116(1)(B).

☐ A plan is being filed with this petition.

☐ Acceptances of the plan were solicited prepetition from one or more classes of creditors, in accordance with 11 U.S.C. § 1126(b).

☐ The debtor is required to file periodic reports (for example, 10K and 10Q) with the Securities and Exchange Commission according to § 13 or 15(d) of the Securities Exchange Act of 1934. File the *attachment to Voluntary Petition for Non-Individuals Filing for Bankruptcy under Chapter 11* (Official Form 201A) with this form.

☐ The debtor is a shell company as defined in the Securities Exchange Act of 1934 Rule 12b-2.

☐ Chapter 12

---

**9.   Were prior bankruptcy cases filed by or against the debtor within the last 8 years?**

■ No.

☐ Yes.

If more than 2 cases, attach a separate list.

| District | _____ | When | _____ | Case number | _____ |
| District | _____ | When | _____ | Case number | _____ |

---

**10.  Are any bankruptcy cases pending or being filed by a business partner or an affiliate of the debtor?**

■ No

☐ Yes.

List all cases. If more than 1, attach a separate list

| Debtor | _____ | | Relationship | _____ |
| District | _____ | When | _____ | Case number, if known | _____ |

---

Debtor   **Gentlepro Home Health Care, Inc.**

Name

Case number (*if known*) _____

---

**11. Why is the case filed in this district?**

*Check all that apply:*

■ Debtor has had its domicile, principal place of business, or principal assets in this district for 180 days immediately preceding the date of this petition or for a longer part of such 180 days than in any other district.

☐ A bankruptcy case concerning debtor's affiliate, general partner, or partnership is pending in this district.

---

**12. Does the debtor own or have possession of any real property or personal property that needs immediate attention?**

■ No

☐ Yes. Answer below for each property that needs immediate attention. Attach additional sheets if needed.

**Why does the property need immediate attention?** (*Check all that apply.*)

☐ It poses or is alleged to pose a threat of imminent and identifiable hazard to public health or safety.

What is the hazard? _____

☐ It needs to be physically secured or protected from the weather.

☐ It includes perishable goods or assets that could quickly deteriorate or lose value without attention (for example, livestock, seasonal goods, meat, dairy, produce, or securities-related assets or other options).

☐ Other _____

**Where is the property?** _____

Number, Street, City, State & ZIP Code

**Is the property insured?**

☐ No

☐ Yes. Insurance agency _____

Contact name _____

Phone _____

---

### ▌ Statistical and administrative information

**13. Debtor's estimation of available funds** .

*Check one:*

■ Funds will be available for distribution to unsecured creditors.

☐ After any administrative expenses are paid, no funds will be available to unsecured creditors.

---

**14. Estimated number of creditors**

| | | |
|---|---|---|
| ■ 1-49 | ☐ 1,000-5,000 | ☐ 25,001-50,000 |
| ☐ 50-99 | ☐ 5001-10,000 | ☐ 50,001-100,000 |
| ☐ 100-199 | ☐ 10,001-25,000 | ☐ More than100,000 |
| ☐ 200-999 | | |

---

**15. Estimated Assets**

| | | |
|---|---|---|
| ☐ $0 - $50,000 | ☐ $1,000,001 - $10 million | ☐ $500,000,001 - $1 billion |
| ■ $50,001 - $100,000 | ☐ $10,000,001 - $50  million | ☐ $1,000,000,001 - $10 billion |
| ☐ $100,001 - $500,000 | ☐ $50,000,001 - $100 million | ☐ $10,000,000,001 - $50 billion |
| ☐ $500,001 - $1 million | ☐ $100,000,001 - $500 million | ☐ More than $50 billion |

---

**16. Estimated liabilities**

| | | |
|---|---|---|
| ☐ $0 - $50,000 | ☐ $1,000,001 - $10 million | ☐ $500,000,001 - $1 billion |
| ☐ $50,001 - $100,000 | ☐ $10,000,001 - $50  million | ☐ $1,000,000,001 - $10 billion |
| ■ $100,001 - $500,000 | ☐ $50,000,001 - $100 million | ☐ $10,000,000,001 - $50 billion |
| ☐ $500,001 - $1 million | ☐ $100,000,001 - $500 million | ☐ More than $50 billion |

---

| Debtor | **Gentlepro Home Health Care, Inc.** | |
|---|---|---|
| | Name | Case number (*if known*) |

---

**Request for Relief, Declaration, and Signatures**

**WARNING --** Bankruptcy fraud is a serious crime. Making a false statement in connection with a bankruptcy case can result in fines up to $500,000 or imprisonment for up to 20 years, or both. 18 U.S.C. §§ 152, 1341, 1519, and 3571.

**17. Declaration and signature of authorized representative of debtor**

The debtor requests relief in accordance with the chapter of title 11, United States Code, specified in this petition.

I have been authorized to file this petition on behalf of the debtor.

I have examined the information in this petition and have a reasonable belief that the information is trued and correct.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on    **April 11, 2017**
MM / DD / YYYY

**X** /s/ Edith Querubin
Signature of authorized representative of debtor

**Edith Querubin**
Printed name

Title    **President**

**18. Signature of attorney**

**X** /s/ Joshua D. Greene    Date    **April 11, 2017**
Signature of attorney for debtor    MM / DD / YYYY

**Joshua D. Greene**
Printed name

**Springer Brown, LLC**
Firm name

**300 S. County Farm Road
Suite I
Wheaton, IL 60187**
Number, Street, City, State & ZIP Code

Contact phone    **630-510-0000**    Email address    **www.springerbrown.com**

**6292914**
Bar number and State

Debtor   Gentlepro Home Health Care, Inc.                                      Case number (if known)
         Name

---

### Request for Relief, Declaration, and Signatures

**WARNING --** Bankruptcy fraud is a serious crime. Making a false statement in connection with a bankruptcy case can result in fines up to $500,000 or imprisonment for up to 20 years, or both. 18 U.S.C. §§ 152, 1341, 1519, and 3571.

**17. Declaration and signature of authorized representative of debtor**

The debtor requests relief in accordance with the chapter of title 11, United States Code, specified in this petition.

I have been authorized to file this petition on behalf of the debtor.

I have examined the information in this petition and have a reasonable belief that the information is trued and correct.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on _____
MM / DD / YYYY

X _____          **Edith Querubin**
Signature of authorized representative of debtor          Printed name

Title   **President**

**18. Signature of attorney**

X _____          Date  4/6/17
Signature of attorney for debtor          MM / DD / YYYY

**Joshua D. Greene**
Printed name

**Springer Brown, LLC**
Firm name

**300 S. County Farm Road**
**Suite I**
**Wheaton, IL 60187**
Number, Street, City, State & ZIP Code

Contact phone   **630-510-0000**     Email address   **www.springerbrown.com**

**6292914**
Bar number and State

---

Official Form 201          Voluntary Petition for Non-Individuals Filing for Bankruptcy          page 4

| Fill in this information to identify the case: |
| --- |
| Debtor name    **Gentlepro Home Health Care, Inc.** |
| United States Bankruptcy Court for the:    NORTHERN DISTRICT OF ILLINOIS |
| Case number (if known)    _____ |

☐ Check if this is an
amended filing

Official Form 202

# Declaration Under Penalty of Perjury for Non-Individual Debtors    12/15

An individual who is authorized to act on behalf of a non-individual debtor, such as a corporation or partnership, must sign and submit this form for the schedules of assets and liabilities, any other document that requires a declaration that is not included in the document, and any amendments of those documents. This form must state the individual's position or relationship to the debtor, the identity of the document, and the date.  Bankruptcy Rules 1008 and 9011.

**WARNING -- Bankruptcy fraud is a serious crime.  Making a false statement, concealing property, or obtaining money or property by fraud in connection with a bankruptcy case can result in fines up to $500,000 or imprisonment for up to 20 years, or both.  18 U.S.C. §§ 152, 1341, 1519, and 3571.**

### Declaration and signature

I am the president, another officer, or an authorized agent of the corporation; a member or an authorized agent of the partnership; or another individual serving as a representative of the debtor in this case.

I have examined the information in the documents checked below and I have a reasonable belief that the information is true and correct:

☐    *Schedule A/B: Assets–Real and Personal Property* (Official Form 206A/B)
☐    *Schedule D: Creditors Who Have Claims Secured by Property* (Official Form 206D)
☐    *Schedule E/F: Creditors Who Have Unsecured Claims* (Official Form 206E/F)
☐    *Schedule G: Executory Contracts and Unexpired Leases* (Official Form 206G)
☐    *Schedule H: Codebtors* (Official Form 206H)
☐    *Summary of Assets and Liabilities for Non-Individuals* (Official Form 206Sum)
☐    Amended *Schedule* _____
☐    *Chapter 11 or Chapter 9 Cases: List of Creditors Who Have the 20 Largest Unsecured Claims and Are Not Insiders* (Official Form 204)
☐    Other document that requires a declaration _____

I declare under penalty of perjury that the foregoing is true and correct.

Executed on  _____    X _____
                                            Signature of individual signing on behalf of debtor

                                            **Edith Querubin**
                                            Printed name

                                            **President**
                                            Position or relationship to debtor

Software Copyright (c) 1996-2016 Best Case, LLC - www.bestcase.com                    Best Case Bankruptcy

Debtor    **Gentlepro Home Health Care, Inc.**    Case number *(if known)* _____

loans, credits on loans, stock redemptions, and options exercised?

■ No

☐ Yes. Identify below.

| Name and address of recipient | Amount of money or description and value of property | Dates | Reason for providing the value |
|---|---|---|---|

**31. Within 6 years before filing this case, has the debtor been a member of any consolidated group for tax purposes?**

■ No

☐ Yes. Identify below.

**Name of the parent corporation**                                    **Employer Identification number of the parent corporation**

**32. Within 6 years before filing this case, has the debtor as an employer been responsible for contributing to a pension fund?**

■ No

☐ Yes. Identify below.

**Name of the parent corporation**                                    **Employer Identification number of the parent corporation**

**Part 14:    Signature and Declaration**

**WARNING** -- Bankruptcy fraud is a serious crime.  Making a false statement, concealing property, or obtaining money or property by fraud in connection with a bankruptcy case can result in fines up to $500,000 or imprisonment for up to 20 years, or both.
18 U.S.C. §§ 152, 1341, 1519, and 3571.

I have examined the information in this *Statement of Financial Affairs* and any attachments and have a reasonable belief that the information is true and correct.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on    _____

_____        **Edith Querubin**
Signature of individual signing on behalf of the debtor        Printed name

Position or relationship to debtor    **President** _____

**Are additional pages to *Statement of Financial Affairs for Non-Individuals Filing for Bankruptcy* (Official Form 207) attached?**

■ No

☐ Yes

# United States Bankruptcy Court
## Northern District of Illinois

In re   **Gentlepro Home Health Care, Inc.**

Debtor(s)

Case No. _____

Chapter    **11**

## LIST OF EQUITY SECURITY HOLDERS

Following is the list of the Debtor's equity security holders which is prepared in accordance with rule 1007(a)(3) for filing in this Chapter 11 Case

| Name and last known address or place of business of holder | Security Class | Number of Securities | Kind of Interest |
| --- | --- | --- | --- |
| **Edith Querubin** | | **100%** | |

## DECLARATION UNDER PENALTY OF PERJURY ON BEHALF OF CORPORATION OR PARTNERSHIP

I, the **President** of the corporation named as the debtor in this case, declare under penalty of perjury that I have read the foregoing List of Equity Security Holders and that it is true and correct to the best of my information and belief.

Date _4/6/2017_

Signature _____
Edith Querubin

*Penalty for making a false statement of concealing property:* Fine of up to $500,000 or imprisonment for up to 5 years or both.
18 U.S.C. §§ 152 and 3571.

# United States Bankruptcy Court
## Northern District of Illinois

In re   **Gentlepro Home Health Care, Inc.** _____    Case No. _____
                                    Debtor(s)                            Chapter   **11**   _____

## VERIFICATION OF CREDITOR MATRIX

Number of Creditors: _____ **44**

The above-named Debtor(s) hereby verifies that the list of creditors is true and correct to the best of my (our) knowledge.

Date:  **4/6/2017** _____          _____
                                        **Edith Querubin/President**
                                        Signer/Title

# United States Bankruptcy Court
## Northern District of Illinois

In re   Gentlepro Home Health Care, Inc.

Debtor(s)

Case No.

Chapter   11

## CORPORATE OWNERSHIP STATEMENT (RULE 7007.1)

Pursuant to Federal Rule of Bankruptcy Procedure 7007.1 and to enable the Judges to evaluate possible disqualification or recusal, the undersigned counsel for   Gentlepro Home Health Care, Inc.   in the above captioned action, certifies that the following is a (are) corporation(s), other than the debtor or a governmental unit, that directly or indirectly own(s) 10% or more of any class of the corporation's(s') equity interests, or states that there are no entities to report under FRBP 7007.1:

■ None [*Check if applicable*]

4/6/17

Date

Joshua D. Greene

Signature of Attorney or Litigant

Counsel for   Gentlepro Home Health Care, Inc.

**Springer Brown, LLC**
**300 S. County Farm Road**
**Suite I**
**Wheaton, IL 60187**
**630-510-0000 Fax:630-510-0004**
**www.springerbrown.com**

**Fill in this information to identify the case:**

Debtor name    **Gentlepro Home Health Care, Inc.**

United States Bankruptcy Court for the:   NORTHERN DISTRICT OF ILLINOIS

Case number (if known) _____

☐ Check if this is an
   amended filing

Official Form 202

# Declaration Under Penalty of Perjury for Non-Individual Debtors   12/15

**An individual who is authorized to act on behalf of a non-individual debtor, such as a corporation or partnership, must sign and submit this form for the schedules of assets and liabilities, any other document that requires a declaration that is not included in the document, and any amendments of those documents. This form must state the individual's position or relationship to the debtor, the identity of the document, and the date. Bankruptcy Rules 1008 and 9011.**

**WARNING -- Bankruptcy fraud is a serious crime. Making a false statement, concealing property, or obtaining money or property by fraud in connection with a bankruptcy case can result in fines up to $500,000 or imprisonment for up to 20 years, or both. 18 U.S.C. §§ 152, 1341, 1519, and 3571.**

## Declaration and signature

I am the president, another officer, or an authorized agent of the corporation; a member or an authorized agent of the partnership; or another individual serving as a representative of the debtor in this case.

I have examined the information in the documents checked below and I have a reasonable belief that the information is true and correct:

- ☐ *Schedule A/B: Assets–Real and Personal Property* (Official Form 206A/B)
- ☐ *Schedule D: Creditors Who Have Claims Secured by Property* (Official Form 206D)
- ☐ *Schedule E/F: Creditors Who Have Unsecured Claims* (Official Form 206E/F)
- ☐ *Schedule G: Executory Contracts and Unexpired Leases* (Official Form 206G)
- ☐ *Schedule H: Codebtors* (Official Form 206H)
- ☐ *Summary of Assets and Liabilities for Non-Individuals* (Official Form 206Sum)
- ☐ Amended *Schedule* _____
- ☐ *Chapter 11 or Chapter 9 Cases: List of Creditors Who Have the 20 Largest Unsecured Claims and Are Not Insiders* (Official Form 204)
- ☐ Other document that requires a declaration _____

I declare under penalty of perjury that the foregoing is true and correct.

Executed on   **April 11, 2017**     X **/s/ Edith Querubin**
                                      Signature of individual signing on behalf of debtor

                                        **Edith Querubin**
                                        Printed name

                                        **President**
                                        Position or relationship to debtor

Software Copyright (c) 1996-2016 Best Case, LLC - www.bestcase.com                                              Best Case Bankruptcy

Fill in this information to identify the case:

| | |
|---|---|
| Debtor name | **Gentlepro Home Health Care, Inc.** |
| United States Bankruptcy Court for the: | **NORTHERN DISTRICT OF ILLINOIS** |
| Case number (if known): | |

☐ Check if this is an

amended filing

## Official Form 204

### Chapter 11 or Chapter 9 Cases: List of Creditors Who Have the 20 Largest Unsecured Claims and Are Not Insiders

12/15

A list of creditors holding the 20 largest unsecured claims must be filed in a Chapter 11 or Chapter 9 case. Include claims which the debtor disputes. Do not include claims by any person or entity who is an insider, as defined in 11 U.S.C. § 101(31).  Also, do not include claims by secured creditors, unless the unsecured claim resulting from inadequate collateral value places the creditor among the holders of the 20 largest unsecured claims.

| Name of creditor and complete mailing address, including zip code | Name, telephone number and email address of creditor contact | Nature of claim (for example, trade debts, bank loans, professional services, and government contracts) | Indicate if claim is contingent, unliquidated, or disputed | Amount of claim If the claim is fully unsecured, fill in only unsecured claim amount. If claim is partially secured, fill in total claim amount and deduction for value of collateral or setoff to calculate unsecured claim. | | |
|---|---|---|---|---|---|---|
| | | | | Total claim, if partially secured | Deduction for value of collateral or setoff | Unsecured claim |
| **Angel Care Nursing & Therapy Servic 5875 N Lincoln Ave LL 49 Chicago, IL 60659** | | | | | | **$5,000.00** |
| **Blue Cross Blue Shield of Illinois 300 E Randolf Street Chicago, IL 60601** | | | | | | **$6,800.00** |
| **Care Plus Nursing & Rehabilitation, 616 N North Court Ste 270 Palatine, IL 60067** | | | | | | **$5,605.00** |
| **CT Care Ltd. 1617 Longmeadows Dr Glenview, IL 60026** | | | | | | **$9,290.00** |
| **Gentlepro Hospice Services 2060 E Algonquin Rd Schaumburg, IL 60173** | | | | | | **$28,349.00** |
| **Home Therapeutic Services Corp 3205 Robincrest Dr Northbrook, IL 60062** | | | **Disputed** | | | **$9,090.00** |
| **Home Therapy Progrress Ltd 650 Murry Ln Ste 206 Des Plaines, IL 60016** | | | | | | **$2,850.00** |

Software Copyright (c) 1996-2016 Best Case, LLC - www.bestcase.com                Best Case Bankruptcy

| Debtor | **Gentlepro Home Health Care, Inc.** | Case number *(if known)* | |
| | Name | | |

| Name of creditor and complete mailing address, including zip code | Name, telephone number and email address of creditor contact | Nature of claim (for example, trade debts, bank loans, professional services, | Indicate if claim is contingent, unliquidated, or disputed | Amount of claim If the claim is fully unsecured, fill in only unsecured claim amount. If claim is partially secured, fill in total claim amount and deduction for value of collateral or setoff to calculate unsecured claim. | | |
|---|---|---|---|---|---|---|
| | | | | Total claim, if partially secured | Deduction for value of collateral or setoff | Unsecured claim |
| **Illinois Department of Revenue Bankruptcy Section Level 7-425 100 W. Randolph Street Chicago, IL 60602** | | | | | | **$3,889.70** |
| **Illinois Dept Employment Security Chicago Region - Revenue 527 S. Wells Street, Suite 100 Chicago, IL 60607** | | | | | | **$19,926.00** |
| **Illinois Therapeutic & Nursing Serv 6055 n Linclon Ave., Ste 102 Chicago, IL 60659-3435** | | | | | | **$50,971.16** |
| **Internal Revenue Service Mail Stop 5010 CHI 230 S. Dearborn Street Chicago, IL 60604** | | | | | | **$203,574.56** |
| **North America Rehab Services 4920 N Central Ave Ste 1C Chicago, IL 60630-2342** | | | | | | **$17,120.00** |
| **Orion Rehab Inc. c/o Jeffrey Francis 611 S Wells St., Ste 2405 Chicago, IL 60607** | | | **Disputed** | | | **$8,623.00** |
| **Querubin Rolando 5315 Fox Path Ln. Hoffman Estates, IL 60192** | | | | | | **$3,838.00** |
| **Sams Club Mastercard PO Box 960013 Orlando, FL 32896** | | | | | | **$5,484.42** |
| **St. Johns Therapy Services 2301 Cline Ave Ste 105 Schererville, IN 46375** | | | | | | **$3,472.00** |

Software Copyright (c) 1996-2016 Best Case, LLC - www.bestcase.com                                                                    Best Case Bankruptcy

Debtor   **Gentlepro Home Health Care, Inc.**
Name

Case number *(if known)* _____

| Name of creditor and complete mailing address, including zip code | Name, telephone number and email address of creditor contact | Nature of claim (for example, trade debts, bank loans, professional services, | Indicate if claim is contingent, unliquidated, or disputed | Amount of claim<br>If the claim is fully unsecured, fill in only unsecured claim amount. If claim is partially secured, fill in total claim amount and deduction for value of collateral or setoff to calculate unsecured claim. | | |
|---|---|---|---|---|---|---|
| | | | | Total claim, if partially secured | Deduction for value of collateral or setoff | Unsecured claim |
| **Sunshine Therapeutics, Ltd 2141 HabbertonAve. Park Ridge, IL 60068** | | | | | | **$6,100.00** |
| **Therapeutic Services of America 2625 Butterfield Rd Oak Brook, IL 60523** | | | | | | **$16,675.00** |
| **United Rehab Providers Home Health 8224 S. Kedzie Avenue Chicago, IL 60652** | | | | | | **$10,200.00** |
| **Universal Rehab 7000 Southwest Ridge Chicago Ridge, IL 60415** | | | | | | **$11,390.00** |

**Fill in this information to identify the case:**

Debtor name    **Gentlepro Home Health Care, Inc.**

United States Bankruptcy Court for the:    NORTHERN DISTRICT OF ILLINOIS

Case number (if known)    _____

☐ Check if this is an
amended filing

## Official Form 206Sum
## Summary of Assets and Liabilities for Non-Individuals                    12/15

---

**Part 1:    Summary of Assets**

1.   **Schedule A/B: Assets-Real and Personal Property** (Official Form 206A/B)

   1a. **Real property:**
   Copy line 88 from *Schedule A/B*.................................................................    $            0.00

   1b. **Total personal property:**
   Copy line 91A from *Schedule A/B*.............................................................    $         96,256.00

   1c. **Total of all property:**
   Copy line 92 from *Schedule A/B*...............................................................    $         96,256.00

---

**Part 2:    Summary of Liabilities**

2.   **Schedule D: Creditors Who Have Claims Secured by Property** (Official Form 206D)
   Copy the total dollar amount listed in Column A, *Amount of claim,* from line 3 of *Schedule D*....................    $         47,882.31

3.   **Schedule E/F: Creditors Who Have Unsecured Claims** (Official Form 206E/F)

   3a. **Total claim amounts of priority unsecured claims:**
   Copy the total claims from Part 1 from line 5a of *Schedule E/F*..........................................................    $        227,390.26

   3b. **Total amount of claims of nonpriority amount of unsecured claims:**
   Copy the total of the amount of claims from Part 2 from line 5b of *Schedule E/F*...............................    +$        211,201.45

4.   Total liabilities ...........................................................................................................
   Lines 2 + 3a + 3b    $        486,474.02

---

Software Copyright (c) 1996-2016 Best Case, LLC - www.bestcase.com                    Best Case Bankruptcy

**Fill in this information to identify the case:**

Debtor name   **Gentlepro Home Health Care, Inc.**

United States Bankruptcy Court for the:   NORTHERN DISTRICT OF ILLINOIS

Case number (if known)

☐ Check if this is an
amended filing

## Official Form 206A/B
## Schedule A/B: Assets - Real and Personal Property                    12/15

Disclose all property, real and personal, which the debtor owns or in which the debtor has any other legal, equitable, or future interest. Include all property in which the debtor holds rights and powers exercisable for the debtor's own benefit. Also include assets and properties which have no book value, such as fully depreciated assets or assets that were not capitalized. In Schedule A/B, list any executory contracts or unexpired leases. Also list them on *Schedule G: Executory Contracts and Unexpired Leases* (Official Form 206G).

Be as complete and accurate as possible. If more space is needed, attach a separate sheet to this form. At the top of any pages added, write the debtor's name and case number (if known). Also identify the form and line number to which the additional information applies. If an additional sheet is attached, include the amounts from the attachment in the total for the pertinent part.

For Part 1 through Part 11, list each asset under the appropriate category or attach separate supporting schedules, such as a fixed asset schedule or depreciation schedule, that gives the details for each asset in a particular category. List each asset only once. In valuing the debtor's interest, do not deduct the value of secured claims. See the instructions to understand the terms used in this form.

**Part 1:**      **Cash and cash equivalents**

1. **Does the debtor have any cash or cash equivalents?**

☐ No. Go to Part 2.
☑ Yes Fill in the information below.

| All cash or cash equivalents owned or controlled by the debtor | | | Current value of debtor's interest |
|---|---|---|---|

3. **Checking, savings, money market, or financial brokerage accounts** *(Identify all)*

| | Name of institution (bank or brokerage firm) | Type of account | Last 4 digits of account number | |
|---|---|---|---|---|
| 3.1. | **JP Morgan Chase Bank** | **Checking** | **5911** | $0.00 |
| 3.2. | **JP Morgan Chase Bank** | **Payroll Account** | **5929** | $0.00 |

4. **Other cash equivalents** *(Identify all)*

5. **Total of Part 1.**
   Add lines 2 through 4 (including amounts on any additional sheets). Copy the total to line 80.

| | $0.00 |
|---|---|

**Part 2:**      **Deposits and Prepayments**

6. **Does the debtor have any deposits or prepayments?**

☐ No. Go to Part 3.
☑ Yes Fill in the information below.

7. **Deposits, including security deposits and utility deposits**
   Description, including name of holder of deposit

| 7.1. | **Office Lease Deposit** | $6,400.00 |
|---|---|---|

8. **Prepayments, including prepayments on executory contracts, leases, insurance, taxes, and rent**
   Description, including name of holder of prepayment

Software Copyright (c) 1996-2016 Best Case, LLC - www.bestcase.com                    Best Case Bankruptcy

Debtor   **Gentlepro Home Health Care, Inc.**                         Case number *(If known)* _____
         <sub>Name</sub>

9.    **Total of Part 2.**                                                    | $6,400.00 |
      Add lines 7 through 8. Copy the total to line 81.

| Part 3: | Accounts receivable |
|---|---|

10. **Does the debtor have any accounts receivable?**

☐ No. Go to Part 4.
☑ Yes Fill in the information below.

11.   **Accounts receivable**

11a. 90 days old or less:  **57,791.00**  -  **0.00** = ....   **$57,791.00**
                           face amount          doubtful or uncollectible accounts

11a. 90 days old or less:  **12,472.00**  -  **0.00** = ....   **$12,472.00**
                           face amount          doubtful or uncollectible accounts

11a. 90 days old or less:  **0.00**  -  **0.00** = ....   **Unknown**
                           face amount          doubtful or uncollectible accounts

12.   **Total of Part 3.**                                                   | $70,263.00 |
      Current value on lines 11a + 11b = line 12.  Copy the total to line 82.

| Part 4: | Investments |
|---|---|

13. **Does the debtor own any investments?**

☑ No. Go to Part 5.
☐ Yes Fill in the information below.

| Part 5: | Inventory, excluding agriculture assets |
|---|---|

18. **Does the debtor own any inventory (excluding agriculture assets)?**

☑ No. Go to Part 6.
☐ Yes Fill in the information below.

| Part 6: | Farming and fishing-related assets (other than titled motor vehicles and land) |
|---|---|

27. **Does the debtor own or lease any farming and fishing-related assets (other than titled motor vehicles and land)?**

☑ No. Go to Part 7.
☐ Yes Fill in the information below.

| Part 7: | Office furniture, fixtures, and equipment; and collectibles |
|---|---|

38. **Does the debtor own or lease any office furniture, fixtures, equipment, or collectibles?**

☐ No. Go to Part 8.
☑ Yes Fill in the information below.

| General description | Net book value of debtor's interest (Where available) | Valuation method used for current value | Current value of debtor's interest |
|---|---|---|---|

39.   **Office furniture**

Software Copyright (c) 1996-2016 Best Case, LLC - www.bestcase.com                                    Best Case Bankruptcy

Debtor    **Gentlepro Home Health Care, Inc.**                          Case number *(If known)* _____
          Name

| **Office Furniture and equipment** | $0.00 | | $15,000.00 |
|---|---|---|---|

40.    **Office fixtures**

41.    **Office equipment, including all computer equipment and
       communication systems equipment and software**

42.    **Collectibles** *Examples*: Antiques and figurines; paintings, prints, or other artwork;
       books, pictures, or other art objects; china and crystal; stamp, coin, or baseball card
       collections; other collections, memorabilia, or collectibles

43.    **Total of Part 7.**                                              | $15,000.00 |
       Add lines 39 through 42.  Copy the total to line 86.

44.    **Is a depreciation schedule available for any of the property listed in Part 7?**
       ■ No
       ☐ Yes

45.    **Has any of the property listed in Part 7 been appraised by a professional within the last year?**
       ■ No
       ☐ Yes

**Part 8:    Machinery, equipment, and vehicles**

46. **Does the debtor own or lease any machinery, equipment, or vehicles?**

   ■ No.  Go to Part 9.
   ☐ Yes Fill in the information below.

**Part 9:    Real property**

54. **Does the debtor own or lease any real property?**

   ■ No.  Go to Part 10.
   ☐ Yes Fill in the information below.

**Part 10:    Intangibles and intellectual property**

59. **Does the debtor have any interests in intangibles or intellectual property?**

   ■ No.  Go to Part 11.
   ☐ Yes Fill in the information below.

**Part 11:    All other assets**

70. **Does the debtor own any other assets that have not yet been reported on this form?**
   Include all interests in executory contracts and unexpired leases not previously reported on this form.

   ☐ No.  Go to Part 12.
   ■ Yes Fill in the information below.

                                                                        **Current value of
                                                                        debtor's interest**

71.    **Notes receivable**
       Description (include name of obligor)

72.    **Tax refunds and unused net operating losses (NOLs)**
       Description (for example, federal, state, local)

73.    **Interests in insurance policies or annuities**

Software Copyright (c) 1996-2016 Best Case, LLC - www.bestcase.com                              Best Case Bankruptcy

Debtor    **Gentlepro Home Health Care, Inc.**                                    Case number *(If known)* _____
_____
Name

| | | |
|---|---|---|
| 74. | **Causes of action against third parties (whether or not a lawsuit has been filed)** | |
| 75. | **Other contingent and unliquidated claims or causes of action of every nature, including counterclaims of the debtor and rights to set off claims** | |
| 76. | **Trusts, equitable or future interests in property** | |
| 77. | **Other property of any kind not already listed** *Examples:* Season tickets, country club membership | |
| | **Rent receivable from Gentlepro Hospice Services Corporation** | **$852.00** |
| | **Employee Health Insurance Premium Receivable** | **$3,741.00** |

| | | |
|---|---|---|
| 78. | **Total of Part 11.** | **$4,593.00** |
| | Add lines 71 through 77. Copy the total to line 90. | |

79.    **Has any of the property listed in Part 11 been appraised by a professional within the last year?**

■ No
☐ Yes

Software Copyright (c) 1996-2016 Best Case, LLC - www.bestcase.com                                                    Best Case Bankruptcy

Debtor    **Gentlepro Home Health Care, Inc.**                                    Case number *(If known)* _____
                Name

| Part 12: | Summary |
|---|---|

**In Part 12 copy all of the totals from the earlier parts of the form**

| Type of property | Current value of personal property | Current value of real property |
|---|---|---|
| 80. **Cash, cash equivalents, and financial assets.** *Copy line 5, Part 1* | $0.00 | |
| 81. **Deposits and prepayments.** *Copy line 9, Part 2.* | $6,400.00 | |
| 82. **Accounts receivable.** *Copy line 12, Part 3.* | $70,263.00 | |
| 83. **Investments.** *Copy line 17, Part 4.* | $0.00 | |
| 84. **Inventory.** *Copy line 23, Part 5.* | $0.00 | |
| 85. **Farming and fishing-related assets.** *Copy line 33, Part 6.* | $0.00 | |
| 86. **Office furniture, fixtures, and equipment; and collectibles.** *Copy line 43, Part 7.* | $15,000.00 | |
| 87. **Machinery, equipment, and vehicles.** *Copy line 51, Part 8.* | $0.00 | |
| 88. **Real property.** *Copy line 56, Part 9.*.......................................................> | | $0.00 |
| 89. **Intangibles and intellectual property.** *Copy line 66, Part 10.* | $0.00 | |
| 90. **All other assets.** *Copy line 78, Part 11.* | + $4,593.00 | |
| 91. **Total.** Add lines 80 through 90 for each column | $96,256.00 | + 91b.  $0.00 |
| 92. **Total of all property on Schedule A/B.** Add lines 91a+91b=92 | | $96,256.00 |

Software Copyright (c) 1996-2016 Best Case, LLC - www.bestcase.com                                                        Best Case Bankruptcy

**Fill in this information to identify the case:**

Debtor name  **Gentlepro Home Health Care, Inc.**

United States Bankruptcy Court for the:  NORTHERN DISTRICT OF ILLINOIS

Case number (if known)

☐ Check if this is an
   amended filing

## Official Form 206D

# Schedule D: Creditors Who Have Claims Secured by Property

**12/15**

Be as complete and accurate as possible.

**1. Do any creditors have claims secured by debtor's property?**

   ☐ No. Check this box and submit page 1 of this form to the court with debtor's other schedules. Debtor has nothing else to report on this form.

   ■ Yes. Fill in all of the information below.

**Part 1:    List Creditors Who Have Secured Claims**

| | | Column A | Column B |
|---|---|---|---|
| **2. List in alphabetical order all creditors** who have secured claims. If a creditor has more than one secured claim, list the creditor separately for each claim. | | **Amount of claim**<br><br>Do not deduct the value of collateral. | **Value of collateral that supports this claim** |

| **2.1** | **Web bank** | Describe debtor's property that is subject to a lien | $47,882.31 | $115,017.00 |
|---|---|---|---|---|

Creditor's Name

**c/o CAN Capital Asset
Servicing
155 North 400, Suite 315
Salt Lake City, UT 84103**

Creditor's mailing address

**Describe the lien**
**Blanket Lien on all Debtor Assets**

**Is the creditor an insider or related party?**

■ No

☐ Yes

Creditor's email address, if known

**Is anyone else liable on this claim?**

☐ No

**Date debt was incurred**

■ Yes. Fill out *Schedule H: Codebtors* (Official Form 206H)

**Last 4 digits of account number**

**Do multiple creditors have an interest in the same property?**

**As of the petition filing date, the claim is:**
Check all that apply

■ No

☐ Contingent

☐ Yes. Specify each creditor, including this creditor and its relative priority.

☐ Unliquidated

☐ Disputed

**3.**  Total of the dollar amounts from Part 1, Column A, including the amounts from the Additional Page, if any.  | $47,882.31 |

**Part 2:   List Others to Be Notified for a Debt Already Listed in Part 1**

List in alphabetical order any others who must be notified for a debt already listed in Part 1. Examples of entities that may be listed are collection agencies, assignees of claims listed above, and attorneys for secured creditors.

If no others need to notified for the debts listed in Part 1, do not fill out or submit this page. If additional pages are needed, copy this page.

| Name and address | On which line in Part 1 did you enter the related creditor? | Last 4 digits of account number for this entity |
|---|---|---|
| | | |

**Fill in this information to identify the case:**

Debtor name    **Gentlepro Home Health Care, Inc.**

United States Bankruptcy Court for the:    NORTHERN DISTRICT OF ILLINOIS

Case number (if known)

☐ Check if this is an amended filing

# Official Form 206E/F
## Schedule E/F: Creditors Who Have Unsecured Claims    12/15

Be as complete and accurate as possible. Use Part 1 for creditors with PRIORITY unsecured claims and Part 2 for creditors with NONPRIORITY unsecured claims.
List the other party to any executory contracts or unexpired leases that could result in a claim. Also list executory contracts on *Schedule A/B: Assets - Real and Personal Property* (Official Form 206A/B) and on *Schedule G: Executory Contracts and Unexpired Leases* (Official Form 206G). Number the entries in Parts 1 and 2 in the boxes on the left. If more space is needed for Part 1 or Part 2, fill out and attach the Additional Page of that Part included in this form.

### Part 1:    List All Creditors with PRIORITY Unsecured Claims

1. **Do any creditors have priority unsecured claims?** (See 11 U.S.C. § 507).

   ☐ No. Go to Part 2.

   ☑ Yes. Go to line 2.

2. **List in alphabetical order all creditors who have unsecured claims that are entitled to priority in whole or in part.** If the debtor has more than 3 creditors with priority unsecured claims, fill out and attach the Additional Page of Part 1.

|  |  | Total claim | Priority amount |
|---|---|---|---|

| 2.1 | Priority creditor's name and mailing address | As of the petition filing date, the claim is: *Check all that apply.* | $3,889.70 | $3,889.70 |
|---|---|---|---|---|

**2.1**

Priority creditor's name and mailing address

**Illinois Department of Revenue
Bankruptcy Section Level 7-425
100 W. Randolph Street
Chicago, IL 60602**

As of the petition filing date, the claim is:
*Check all that apply.*
☐ Contingent
☐ Unliquidated
☐ Disputed

Total claim: **$3,889.70**    Priority amount: **$3,889.70**

Date or dates debt was incurred

Last 4 digits of account number

Specify Code subsection of PRIORITY unsecured claim: 11 U.S.C. § 507(a) (8)

Basis for the claim:

Is the claim subject to offset?
☑ No
☐ Yes

**2.2**

Priority creditor's name and mailing address

**Illinois Dept Employment Security
Chicago Region - Revenue
527 S. Wells Street, Suite 100
Chicago, IL 60607**

As of the petition filing date, the claim is:
*Check all that apply.*
☐ Contingent
☐ Unliquidated
☐ Disputed

Total claim: **$19,926.00**    Priority amount: **$19,926.00**

Date or dates debt was incurred

Last 4 digits of account number

Specify Code subsection of PRIORITY unsecured claim: 11 U.S.C. § 507(a) (8)

Basis for the claim:

Is the claim subject to offset?
☑ No
☐ Yes

Debtor    **Gentlepro Home Health Care, Inc.**
_____    Case number *(if known)* _____
Name

| 2.3 | Priority creditor's name and mailing address | As of the petition filing date, the claim is: | $203,574.56 | $203,574.56 |

**Internal Revenue Service**
**Mail Stop 5010 CHI**
**230 S. Dearborn Street**
**Chicago, IL 60604**

*Check all that apply.*
☐ Contingent
☐ Unliquidated
☐ Disputed

Date or dates debt was incurred

Basis for the claim:

Last 4 digits of account number

Is the claim subject to offset?

Specify Code subsection of PRIORITY
unsecured claim: 11 U.S.C. § 507(a) (8)

■ No
☐ Yes

---

| Part 2: | List All Creditors with NONPRIORITY Unsecured Claims |

**3.** List in alphabetical order all of the creditors with nonpriority unsecured claims. If the debtor has more than 6 creditors with nonpriority unsecured claims, fill out and attach the Additional Page of Part 2.

| | | **Amount of claim** |

| 3.1 | Nonpriority creditor's name and mailing address | As of the petition filing date, the claim is: *Check all that apply.* | **$1,800.00** |

**Accurate Therapy Resources, LLC**
**34 N. Mill Rd.**
**Addison, IL 60101**

☐ Contingent
☐ Unliquidated
☐ Disputed

Date(s) debt was incurred _

Basis for the claim: _

Last 4 digits of account number _

Is the claim subject to offset? ■ No ☐ Yes

| 3.2 | Nonpriority creditor's name and mailing address | As of the petition filing date, the claim is: *Check all that apply.* | **$1,684.00** |

**American Express**
**Box 0001**
**Los Angeles, CA 90096**

☐ Contingent
☐ Unliquidated
☐ Disputed

Date(s) debt was incurred _

Basis for the claim: _

Last 4 digits of account number _

Is the claim subject to offset? ■ No ☐ Yes

| 3.3 | Nonpriority creditor's name and mailing address | As of the petition filing date, the claim is: *Check all that apply.* | **$5,000.00** |

**Angel Care Nursing & Therapy Servic**
**5875 N Lincoln Ave LL 49**
**Chicago, IL 60659**

☐ Contingent
☐ Unliquidated
☐ Disputed

Date(s) debt was incurred _

Basis for the claim: _

Last 4 digits of account number _

Is the claim subject to offset? ■ No ☐ Yes

| 3.4 | Nonpriority creditor's name and mailing address | As of the petition filing date, the claim is: *Check all that apply.* | **$588.59** |

**Answer Service Plus**
**4314 F Crystal Lake Rd**
**McHenry, IL 60050**

☐ Contingent
☐ Unliquidated
☐ Disputed

Date(s) debt was incurred _

Basis for the claim: _

Last 4 digits of account number _

Is the claim subject to offset? ■ No ☐ Yes

| 3.5 | Nonpriority creditor's name and mailing address | As of the petition filing date, the claim is: *Check all that apply.* | **$572.35** |

**AT & T**
**P.O. Box 8220**
**Aurora, IL 60572-8220**

☐ Contingent
☐ Unliquidated
☐ Disputed

Date(s) debt was incurred _

Basis for the claim: _

Last 4 digits of account number _

Is the claim subject to offset? ■ No ☐ Yes

---

| Debtor | **Gentlepro Home Health Care, Inc.** | | Case number (if known) | |
|---|---|---|---|---|
| | Name | | | |

| 3.6 | **Nonpriority creditor's name and mailing address** | As of the petition filing date, the claim is: Check all that apply. | **$6,800.00** |
|---|---|---|---|
| | **Blue Cross Blue Shield of Illinois** | ☐ Contingent | |
| | **300 E Randolf Street** | ☐ Unliquidated | |
| | **Chicago, IL 60601** | ☐ Disputed | |
| | **Date(s) debt was incurred** ___ | **Basis for the claim:** ___ | |
| | **Last 4 digits of account number** ___ | Is the claim subject to offset? ☐ No ☐ Yes | |

| 3.7 | **Nonpriority creditor's name and mailing address** | As of the petition filing date, the claim is: Check all that apply. | **$5,605.00** |
|---|---|---|---|
| | **Care Plus Nursing & Rehabilitation,** | ☐ Contingent | |
| | **616 N North Court** | ☐ Unliquidated | |
| | **Ste 270** | ☐ Disputed | |
| | **Palatine, IL 60067** | | |
| | **Date(s) debt was incurred** ___ | **Basis for the claim:** ___ | |
| | **Last 4 digits of account number** ___ | Is the claim subject to offset? ☐ No ☐ Yes | |

| 3.8 | **Nonpriority creditor's name and mailing address** | As of the petition filing date, the claim is: Check all that apply. | **$249.98** |
|---|---|---|---|
| | **Com Ed** | ☐ Contingent | |
| | **Bill Payment Center** | ☐ Unliquidated | |
| | **P.O. Box 6111** | ☐ Disputed | |
| | **Carol Stream, IL 60197** | | |
| | **Date(s) debt was incurred** ___ | **Basis for the claim:** ___ | |
| | **Last 4 digits of account number** ___ | Is the claim subject to offset? ■ No ☐ Yes | |

| 3.9 | **Nonpriority creditor's name and mailing address** | As of the petition filing date, the claim is: Check all that apply. | **$717.90** |
|---|---|---|---|
| | **Cook County Photocopy Co., Inc.** | ☐ Contingent | |
| | **1600 W Jarvis Ave.** | ☐ Unliquidated | |
| | **Elk Grove Village, IL 60007** | ☐ Disputed | |
| | **Date(s) debt was incurred** ___ | **Basis for the claim:** ___ | |
| | **Last 4 digits of account number** ___ | Is the claim subject to offset? ■ No ☐ Yes | |

| 3.10 | **Nonpriority creditor's name and mailing address** | As of the petition filing date, the claim is: Check all that apply. | **$9,290.00** |
|---|---|---|---|
| | **CT Care Ltd.** | ☐ Contingent | |
| | **1617 Longmeadows Dr** | ☐ Unliquidated | |
| | **Glenview, IL 60026** | ☐ Disputed | |
| | **Date(s) debt was incurred** ___ | **Basis for the claim:** ___ | |
| | **Last 4 digits of account number** ___ | Is the claim subject to offset? ☐ No ☐ Yes | |

| 3.11 | **Nonpriority creditor's name and mailing address** | As of the petition filing date, the claim is: Check all that apply. | **$93.56** |
|---|---|---|---|
| | **Dependable Fire Equipment** | ☐ Contingent | |
| | **100 N LeBaron Street** | ☐ Unliquidated | |
| | **Waukegan, IL 60085-3025** | ☐ Disputed | |
| | **Date(s) debt was incurred** ___ | **Basis for the claim:** ___ | |
| | **Last 4 digits of account number** ___ | Is the claim subject to offset? ■ No ☐ Yes | |

| 3.12 | **Nonpriority creditor's name and mailing address** | As of the petition filing date, the claim is: Check all that apply. | **$488.14** |
|---|---|---|---|
| | **Esolutions** | ☐ Contingent | |
| | **P.O. Box 414378** | ☐ Unliquidated | |
| | **Kansas City, MO 64141** | ☐ Disputed | |
| | **Date(s) debt was incurred** ___ | **Basis for the claim:** ___ | |
| | **Last 4 digits of account number** ___ | Is the claim subject to offset? ■ No ☐ Yes | |

| Debtor | **Gentlepro Home Health Care, Inc.** | Case number (if known) | |
|---|---|---|---|
| | Name | | |

---

| 3.13 | Nonpriority creditor's name and mailing address | As of the petition filing date, the claim is: Check all that apply. | **$301.07** |
|---|---|---|---|

**Garvey's Office Products**
**P.O. Box 6667**
**Chicago, IL 60666**

☐ Contingent
☐ Unliquidated
☐ Disputed

Date(s) debt was incurred _

Last 4 digits of account number _

Basis for the claim: _

Is the claim subject to offset? ■ No ☐ Yes

---

| 3.14 | Nonpriority creditor's name and mailing address | As of the petition filing date, the claim is: Check all that apply. | **$28,349.00** |
|---|---|---|---|

**Gentlepro Hospice Services**
**2060 E Algonquin Rd**
**Schaumburg, IL 60173**

☐ Contingent
☐ Unliquidated
☐ Disputed

Date(s) debt was incurred _

Last 4 digits of account number _

Basis for the claim: _

Is the claim subject to offset? ■ No ☐ Yes

---

| 3.15 | Nonpriority creditor's name and mailing address | As of the petition filing date, the claim is: Check all that apply. | **$9,090.00** |
|---|---|---|---|

**Home Therapeutic Services Corp**
**3205 Robincrest Dr**
**Northbrook, IL 60062**

☐ Contingent
☐ Unliquidated
■ Disputed

Date(s) debt was incurred _

Last 4 digits of account number _

Basis for the claim: _

Is the claim subject to offset? ☐ No ☐ Yes

---

| 3.16 | Nonpriority creditor's name and mailing address | As of the petition filing date, the claim is: Check all that apply. | **$2,850.00** |
|---|---|---|---|

**Home Therapy Progrress Ltd**
**650 Murry Ln Ste 206**
**Des Plaines, IL 60016**

☐ Contingent
☐ Unliquidated
☐ Disputed

Date(s) debt was incurred _

Last 4 digits of account number _

Basis for the claim: _

Is the claim subject to offset? ☐ No ☐ Yes

---

| 3.17 | Nonpriority creditor's name and mailing address | As of the petition filing date, the claim is: Check all that apply. | **$50,971.16** |
|---|---|---|---|

**Illinois Therapeutic & Nursing Serv**
**6055 n Linclon Ave., Ste 102**
**Chicago, IL 60659-3435**

☐ Contingent
☐ Unliquidated
☐ Disputed

Date(s) debt was incurred _

Last 4 digits of account number _

Basis for the claim: _

Is the claim subject to offset? ☐ No ☐ Yes

---

| 3.18 | Nonpriority creditor's name and mailing address | As of the petition filing date, the claim is: Check all that apply. | **$193.26** |
|---|---|---|---|

**Impact Networking**
**25888 Network Place**
**Chicago, IL 60673**

☐ Contingent
☐ Unliquidated
☐ Disputed

Date(s) debt was incurred _

Last 4 digits of account number _

Basis for the claim: _

Is the claim subject to offset? ☐ No ☐ Yes

---

| 3.19 | Nonpriority creditor's name and mailing address | As of the petition filing date, the claim is: Check all that apply. | **$535.00** |
|---|---|---|---|

**Mueller & Company**
**4920 n Central Ave**
**Ste 1C**
**Elgin, IL 60123**

☐ Contingent
☐ Unliquidated
☐ Disputed

Date(s) debt was incurred _

Last 4 digits of account number _

Basis for the claim: _

Is the claim subject to offset? ■ No ☐ Yes

---

| Debtor | **Gentlepro Home Health Care, Inc.** | Case number (if known) | |
|---|---|---|---|
| | Name | | |

| 3.20 | **Nonpriority creditor's name and mailing address** | **As of the petition filing date, the claim is:** Check all that apply. | **$17,120.00** |
|---|---|---|---|

**North America Rehab Services**
**4920 N Central Ave**
**Ste 1C**
**Chicago, IL 60630-2342**

☐ Contingent
☐ Unliquidated
☐ Disputed

Date(s) debt was incurred _

**Basis for the claim:** _

Last 4 digits of account number _

Is the claim subject to offset? ☐ No ☐ Yes

---

| 3.21 | **Nonpriority creditor's name and mailing address** | **As of the petition filing date, the claim is:** Check all that apply. | **$8,623.00** |
|---|---|---|---|

**Orion Rehab Inc.**
**c/o Jeffrey Francis**
**611 S Wells St., Ste 2405**
**Chicago, IL 60607**

☐ Contingent
☐ Unliquidated
■ Disputed

Date(s) debt was incurred _

**Basis for the claim:** _

Last 4 digits of account number _

Is the claim subject to offset? ☐ No ☐ Yes

---

| 3.22 | **Nonpriority creditor's name and mailing address** | **As of the petition filing date, the claim is:** Check all that apply. | **$104.00** |
|---|---|---|---|

**Parkway Printing**
**PO Box 434**
**Prospect Heights, IL 60070**

☐ Contingent
☐ Unliquidated
☐ Disputed

Date(s) debt was incurred _

**Basis for the claim:** _

Last 4 digits of account number _

Is the claim subject to offset? ■ No ☐ Yes

---

| 3.23 | **Nonpriority creditor's name and mailing address** | **As of the petition filing date, the claim is:** Check all that apply. | **$64.00** |
|---|---|---|---|

**Pitney Bowes**
**PO Box 371887**
**Pittsburgh, PA 15250**

☐ Contingent
☐ Unliquidated
☐ Disputed

Date(s) debt was incurred _

**Basis for the claim:** _

Last 4 digits of account number _

Is the claim subject to offset? ■ No ☐ Yes

---

| 3.24 | **Nonpriority creditor's name and mailing address** | **As of the petition filing date, the claim is:** Check all that apply. | **$187.00** |
|---|---|---|---|

**Public Storage**
**2401 Lois Drive**
**Rolling Meadows, IL 60008**

☐ Contingent
☐ Unliquidated
☐ Disputed

Date(s) debt was incurred _

**Basis for the claim:** _

Last 4 digits of account number _

Is the claim subject to offset? ☐ No ☐ Yes

---

| 3.25 | **Nonpriority creditor's name and mailing address** | **As of the petition filing date, the claim is:** Check all that apply. | **$3,838.00** |
|---|---|---|---|

**Querubin Rolando**
**5315 Fox Path Ln.**
**Hoffman Estates, IL 60192**

☐ Contingent
☐ Unliquidated
☐ Disputed

Date(s) debt was incurred _

**Basis for the claim:** _

Last 4 digits of account number _

Is the claim subject to offset? ■ No ☐ Yes

---

| 3.26 | **Nonpriority creditor's name and mailing address** | **As of the petition filing date, the claim is:** Check all that apply. | **$5,484.42** |
|---|---|---|---|

**Sams Club Mastercard**
**PO Box 960013**
**Orlando, FL 32896**

☐ Contingent
☐ Unliquidated
☐ Disputed

Date(s) debt was incurred _

**Basis for the claim:** _

Last 4 digits of account number _

Is the claim subject to offset? ■ No ☐ Yes

---

Debtor    **Gentlepro Home Health Care, Inc.**                    Case number (if known) _____
_____
Name

| 3.27 | **Nonpriority creditor's name and mailing address** | As of the petition filing date, the claim is: Check all that apply. | **$761.00** |
|---|---|---|---|

**Shield Healthcare**
**File 50768**
**Los Angeles, CA 90074**

☐ Contingent
☐ Unliquidated
☐ Disputed

Date(s) debt was incurred __

Basis for the claim: __

Last 4 digits of account number __

Is the claim subject to offset? ■ No ☐ Yes

---

| 3.28 | **Nonpriority creditor's name and mailing address** | As of the petition filing date, the claim is: Check all that apply. | **$670.00** |
|---|---|---|---|

**Speech Masters**
**5105 Tollview Dr**
**Ste 106**
**Rolling Meadows, IL 60008**

☐ Contingent
☐ Unliquidated
☐ Disputed

Date(s) debt was incurred __

Basis for the claim: __

Last 4 digits of account number __

Is the claim subject to offset? ■ No ☐ Yes

---

| 3.29 | **Nonpriority creditor's name and mailing address** | As of the petition filing date, the claim is: Check all that apply. | **$3,472.00** |
|---|---|---|---|

**St. Johns Therapy Services**
**2301 Cline Ave**
**Ste 105**
**Schererville, IN 46375**

☐ Contingent
☐ Unliquidated
☐ Disputed

Date(s) debt was incurred __

Basis for the claim: __

Last 4 digits of account number __

Is the claim subject to offset? ■ No ☐ Yes

---

| 3.30 | **Nonpriority creditor's name and mailing address** | As of the petition filing date, the claim is: Check all that apply. | **$645.96** |
|---|---|---|---|

**Staples Business Advantage**
**Dep 2368**
**P.O.Box 83689**
**Chicago, IL 60696-3689**

☐ Contingent
☐ Unliquidated
☐ Disputed

Date(s) debt was incurred __

Basis for the claim: __

Last 4 digits of account number __

Is the claim subject to offset? ■ No ☐ Yes

---

| 3.31 | **Nonpriority creditor's name and mailing address** | As of the petition filing date, the claim is: Check all that apply. | **$218.04** |
|---|---|---|---|

**Stericycle**
**401 Commercial Avenue**
**Northbrook, IL 60062**

☐ Contingent
☐ Unliquidated
☐ Disputed

Date(s) debt was incurred __

Basis for the claim: __

Last 4 digits of account number __

Is the claim subject to offset? ■ No ☐ Yes

---

| 3.32 | **Nonpriority creditor's name and mailing address** | As of the petition filing date, the claim is: Check all that apply. | **$6,100.00** |
|---|---|---|---|

**Sunshine Therapeutics, Ltd**
**2141 HabbertonAve.**
**Park Ridge, IL 60068**

☐ Contingent
☐ Unliquidated
☐ Disputed

Date(s) debt was incurred __

Basis for the claim: __

Last 4 digits of account number __

Is the claim subject to offset? ■ No ☐ Yes

---

| 3.33 | **Nonpriority creditor's name and mailing address** | As of the petition filing date, the claim is: Check all that apply. | **$16,675.00** |
|---|---|---|---|

**Therapeutic Services of America**
**2625 Butterfield Rd**
**Oak Brook, IL 60523**

☐ Contingent
☐ Unliquidated
☐ Disputed

Date(s) debt was incurred __

Basis for the claim: __

Last 4 digits of account number __

Is the claim subject to offset? ■ No ☐ Yes

---

| Debtor | Gentlepro Home Health Care, Inc. | Case number (if known) | |
|---|---|---|---|
| | Name | | |

| 3.34 | Nonpriority creditor's name and mailing address | As of the petition filing date, the claim is: Check all that apply. | $10,200.00 |
|---|---|---|---|

**United Rehab Providers Home Health**
**8224 S. Kedzie Avenue**
**Chicago, IL 60652**

☐ Contingent
☐ Unliquidated
☐ Disputed

Date(s) debt was incurred _

Basis for the claim: _

Last 4 digits of account number _

Is the claim subject to offset? ■ No ☐ Yes

| 3.35 | Nonpriority creditor's name and mailing address | As of the petition filing date, the claim is: Check all that apply. | $11,390.00 |
|---|---|---|---|

**Universal Rehab**
**7000 Southwest Ridge**
**Chicago Ridge, IL 60415**

☐ Contingent
☐ Unliquidated
☐ Disputed

Date(s) debt was incurred _

Basis for the claim: _

Last 4 digits of account number _

Is the claim subject to offset? ■ No ☐ Yes

| 3.36 | Nonpriority creditor's name and mailing address | As of the petition filing date, the claim is: Check all that apply. | $470.02 |
|---|---|---|---|

**Waterlogic, east, LLC**
**77 McCullough Drive**
**Suite 9**
**Celoron, NY 14720**

☐ Contingent
☐ Unliquidated
☐ Disputed

Date(s) debt was incurred _

Basis for the claim: _

Last 4 digits of account number _

Is the claim subject to offset? ■ No ☐ Yes

---

| Part 3: | List Others to Be Notified About Unsecured Claims |
|---|---|

4. List in alphabetical order any others who must be notified for claims listed in Parts 1 and 2. Examples of entities that may be listed are collection agencies, assignees of claims listed above, and attorneys for unsecured creditors.

If no others need to be notified for the debts listed in Parts 1 and 2, do not fill out or submit this page. If additional pages are needed, copy the next page.

| | Name and mailing address | On which line in Part1 or Part 2 is the related creditor (if any) listed? | Last 4 digits of account number, if any |
|---|---|---|---|
| 4.1 | **Internal Revenue Service**<br>**Centralized Insolvency Operation**<br>**PO Box 21125**<br>**Philadelphia, PA 19114** | Line  **2.3**<br><br>☐ Not listed. Explain _____ | _ |

---

| Part 4: | Total Amounts of the Priority and Nonpriority Unsecured Claims |
|---|---|

5. Add the amounts of priority and nonpriority unsecured claims.

| | | | Total of claim amounts |
|---|---|---|---|
| 5a. Total claims from Part 1 | | 5a. $ | 227,390.26 |
| 5b. Total claims from Part 2 | | 5b. + $ | 211,201.45 |
| 5c. Total of Parts 1 and 2<br>Lines 5a + 5b = 5c. | | 5c. $ | 438,591.71 |

**Fill in this information to identify the case:**

Debtor name      **Gentlepro Home Health Care, Inc.**

United States Bankruptcy Court for the:    NORTHERN DISTRICT OF ILLINOIS

Case number (if known)

☐ Check if this is an
    amended filing

## Official Form 206G

## Schedule G: Executory Contracts and Unexpired Leases                    12/15

Be as complete and accurate as possible. If more space is needed, copy and attach the additional page, number the entries consecutively.

1.  **Does the debtor have any executory contracts or unexpired leases?**
    ☐ No. Check this box and file this form with the debtor's other schedules.  There is nothing else to report on this form.
    ■ Yes. Fill in all of the information below even if the contacts of leases are listed on *Schedule A/B: Assets - Real and Personal    Property* (Official Form 206A/B).

| **2. List all contracts and unexpired leases** | | **State the name and mailing address for all other parties with whom the debtor has an executory contract or unexpired lease** |
|---|---|---|
| 2.1. | State what the contract or lease is for and the nature of the debtor's interest | **Sublease for Premises located at 2060 East Algonquin Rd., Schaumburg, IL** | |
| | State the term remaining | | **Gentlepro Hospice Services Corp** |
| | List the contract number of any government contract | | **2060 E Algonquin Rd** **Schaumburg, IL 60173** |
| 2.2. | State what the contract or lease is for and the nature of the debtor's interest | **Office Building Lease, expiring February 29, 2020** | |
| | State the term remaining | **3 years** | **Marc Realty** |
| | List the contract number of any government contract | | **55 East Jackson Blvd., Suite 500** **Chicago, IL 60604** |

**Fill in this information to identify the case:**

Debtor name     **Gentlepro Home Health Care, Inc.**

United States Bankruptcy Court for the:     NORTHERN DISTRICT OF ILLINOIS

Case number (if known)  _____

☐ Check if this is an
   amended filing

## Official Form 206H
## Schedule H: Your Codebtors

12/15

Be as complete and accurate as possible. If more space is needed, copy the Additional Page, numbering the entries consecutively. Attach the Additional Page to this page.

### 1. Do you have any codebtors?

☐ No. Check this box and submit this form to the court with the debtor's other schedules. Nothing else needs to be reported on this form.

■ Yes

### 2. In Column 1, list as codebtors all of the people or entities who are also liable for any debts listed by the debtor in the schedules of creditors, Schedules D-G. Include all guarantors and co-obligors. In Column 2, identify the creditor to whom the debt is owed and each schedule on which the creditor is listed. If the codebtor is liable on a debt to more than one creditor, list each creditor separately in Column 2.

| Column 1: Codebtor | | Column 2: Creditor | |
|---|---|---|---|
| Name | Mailing Address | Name | Check all schedules that apply: |
| 2.1  **Edith Querubin** | | **Web bank** | ■ D __2.1__<br>☐ E/F _____<br>☐ G _____ |
| 2.2  **Reynaldo Querubin** | | **Marc Realty** | ☐ D _____<br>☐ E/F _____<br>■ G __2.1__ |

**Fill in this information to identify the case:**

Debtor name    **Gentlepro Home Health Care, Inc.**

United States Bankruptcy Court for the:   NORTHERN DISTRICT OF ILLINOIS

Case number (if known)   _____

☐ Check if this is an amended filing

## Official Form 207
## Statement of Financial Affairs for Non-Individuals Filing for Bankruptcy    04/16

**The debtor must answer every question. If more space is needed, attach a separate sheet to this form. On the top of any additional pages, write the debtor's name and case number (if known).**

**Part 1:**   Income

1. **Gross revenue from business**

   ☐ None.

   | Identify the beginning and ending dates of the debtor's fiscal year, which may be a calendar year | Sources of revenue<br>Check all that apply | Gross revenue<br>(before deductions and exclusions) |
   |---|---|---|
   | **From the beginning of the fiscal year to filing date:**<br>From **1/01/2017** to **Filing Date** | ■ Operating a business<br>☐ Other _____ | **$171,774.77** |
   | **For prior year:**<br>From **1/01/2016** to **12/31/2016** | ■ Operating a business<br>☐ Other _____ | **$934,055.00** |
   | **For year before that:**<br>From **1/01/2015** to **12/31/2015** | ■ Operating a business<br>☐ Other _____ | **$1,254,523.00** |

2. **Non-business revenue**
   Include revenue regardless of whether that revenue is taxable. *Non-business income* may include interest, dividends, money collected from lawsuits, and royalties. List each source and the gross revenue for each separately. Do not include revenue listed in line 1.

   ■ None.

   | | Description of sources of revenue | Gross revenue from each source<br>(before deductions and exclusions) |
   |---|---|---|

**Part 2:**   List Certain Transfers Made Before Filing for Bankruptcy

3. **Certain payments or transfers to creditors within 90 days before filing this case**
   List payments or transfers--including expense reimbursements--to any creditor, other than regular employee compensation, within 90 days before filing this case unless the aggregate value of all property transferred to that creditor is less than $6,425. (This amount may be adjusted on 4/01/19 and every 3 years after that with respect to cases filed on or after the date of adjustment.)

   ■ None.

   | Creditor's Name and Address | Dates | Total amount of value | Reasons for payment or transfer<br>Check all that apply |
   |---|---|---|---|

4. **Payments or other transfers of property made within 1 year before filing this case that benefited any insider**
   List payments or transfers, including expense reimbursements, made within 1 year before filing this case on debts owed to an insider or guaranteed

Software Copyright (c) 1996-2016 Best Case, LLC - www.bestcase.com     Best Case Bankruptcy

Debtor   **Gentlepro Home Health Care, Inc.**                                    Case number *(if known)* _____

or cosigned by an insider unless the aggregate value of all property transferred to or for the benefit of the insider is less than $6,425. (This amount may be adjusted on 4/01/19 and every 3 years after that with respect to cases filed on or after the date of adjustment.) Do not include any payments listed in line 3. *Insiders* include officers, directors, and anyone in control of a corporate debtor and their relatives; general partners of a partnership debtor and their relatives; affiliates of the debtor and insiders of such affiliates; and any managing agent of the debtor. 11 U.S.C. § 101(31).

☐ None.

| Insider's name and address<br>Relationship to debtor | Dates | Total amount of value | Reasons for payment or transfer |
|---|---|---|---|
| 4.1.   **Edith Querubin**<br><br>**President** | | **$44,200.00** | **Loan repayment taken in lieu of salary** |

5. **Repossessions, foreclosures, and returns**
   List all property of the debtor that was obtained by a creditor within 1 year before filing this case, including property repossessed by a creditor, sold at a foreclosure sale, transferred by a deed in lieu of foreclosure, or returned to the seller. Do not include property listed in line 6.

   ■ None

| Creditor's name and address | Describe of the Property | Date | Value of property |
|---|---|---|---|

6. **Setoffs**
   List any creditor, including a bank or financial institution, that within 90 days before filing this case set off or otherwise took anything from an account of the debtor without permission or refused to make a payment at the debtor's direction from an account of the debtor because the debtor owed a debt.

   ■ None

| Creditor's name and address | Description of the action creditor took | Date action was taken | Amount |
|---|---|---|---|

<div style="background:black;color:white">**Part 3:**</div>   **Legal Actions or Assignments**

7. **Legal actions, administrative proceedings, court actions, executions, attachments, or governmental audits**
   List the legal actions, proceedings, investigations, arbitrations, mediations, and audits by federal or state agencies in which the debtor was involved in any capacity—within 1 year before filing this case.

   ☐ None.

| Case title<br>Case number | Nature of case | Court or agency's name and address | Status of case |
|---|---|---|---|
| 7.1.   **Orion Rehab, P.C. v.**<br>**Gentlepro Home Health Care,**<br>**Inc.**<br>**17 M 109494** | **Collection** | **Circuit Court of Cook County, Illinois** | ■ Pending<br>☐ On appeal<br>☐ Concluded |
| 7.2.   **Illinois Therapeutic and**<br>**Nursing Service v. Gentlepro**<br>**Home Health Care, Inc.**<br>**16 M1 116183** | **Collection** | **Circuit Court of Cook County, Illinois** | ☐ Pending<br>☐ On appeal<br>■ Concluded |
| 7.3.   **Home Therapeutic Servies**<br>**Corp v. Gentlepro Home**<br>**Health Care, Inc.**<br>**2017 M1 104243** | **Collection** | **Circuit Court of Cook County** | ■ Pending<br>☐ On appeal<br>☐ Concluded |

8. **Assignments and receivership**
   List any property in the hands of an assignee for the benefit of creditors during the 120 days before filing this case and any property in the hands of a receiver, custodian, or other court-appointed officer within 1 year before filing this case.

   ■ None

<div style="background:black;color:white">**Part 4:**</div>   **Certain Gifts and Charitable Contributions**

Debtor    **Gentlepro Home Health Care, Inc.**                              Case number *(if known)* _____

9.  List all gifts or charitable contributions the debtor gave to a recipient within 2 years before filing this case unless the aggregate value of the gifts to that recipient is less than $1,000

■ None

| Recipient's name and address | Description of the gifts or contributions | Dates given | Value |
|---|---|---|---|

---

**Part 5:**    **Certain Losses**

10. **All losses from fire, theft, or other casualty within 1 year before filing this case.**

■ None

| Description of the property lost and how the loss occurred | Amount of payments received for the loss | Dates of loss | Value of property lost |
|---|---|---|---|
| | If you have received payments to cover the loss, for example, from insurance, government compensation, or tort liability, list the total received.<br><br>List unpaid claims on Official Form 106A/B *(Schedule A/B: Assets – Real and Personal Property).* | | |

---

**Part 6:**    **Certain Payments or Transfers**

11. **Payments related to bankruptcy**
List any payments of money or other transfers of property made by the debtor or person acting on behalf of the debtor within 1 year before the filing of this case to another person or entity, including attorneys, that the debtor consulted about debt consolidation or restructuring, seeking bankruptcy relief, or filing a bankruptcy case.

☐ None.

| | Who was paid or who received the transfer?<br>Address | If not money, describe any property transferred | Dates | Total amount or value |
|---|---|---|---|---|
| 11.1. | **Springer Brown, LLC**<br>**300 South County Farm Road**<br>**Suite I**<br>**Wheaton, IL 60187** | | **4/6/17** | **$12,000.00** |
| | Email or website address | | | |
| | Who made the payment, if not debtor?<br>**Rolando Querubin** | | | |

12. **Self-settled trusts of which the debtor is a beneficiary**
List any payments or transfers of property made by the debtor or a person acting on behalf of the debtor within 10 years before the filing of this case to a self-settled trust or similar device.
Do not include transfers already listed on this statement.

■ None.

| Name of trust or device | Describe any property transferred | Dates transfers were made | Total amount or value |
|---|---|---|---|

13. **Transfers not already listed on this statement**
List any transfers of money or other property by sale, trade, or any other means made by the debtor or a person acting on behalf of the debtor within 2 years before the filing of this case to another person, other than property transferred in the ordinary course of business or financial affairs. Include both outright transfers and transfers made as security. Do not include gifts or transfers previously listed on this statement.

■ None.

| Who received transfer?<br>Address | Description of property transferred or payments received or debts paid in exchange | Date transfer was made | Total amount or value |
|---|---|---|---|

**Part 7:**    **Previous Locations**

Software Copyright (c) 1996-2016 Best Case, LLC - www.bestcase.com                                        Best Case Bankruptcy

Debtor    **Gentlepro Home Health Care, Inc.**    Case number *(if known)* _____

**14. Previous addresses**

List all previous addresses used by the debtor within 3 years before filing this case and the dates the addresses were used.

■ Does not apply

| Address | Dates of occupancy<br>From-To |
|---|---|
| | |

---

**Part 8:    Health Care Bankruptcies**

**15. Health Care bankruptcies**

Is the debtor primarily engaged in offering services and facilities for:
- diagnosing or treating injury, deformity, or disease, or
- providing any surgical, psychiatric, drug treatment, or obstetric care?

■ No. Go to Part 9.
☐ Yes. Fill in the information below.

| Facility name and address | Nature of the business operation, including type of services the debtor provides | If  debtor provides meals and housing, number of patients in debtor's care |
|---|---|---|
| | | |

---

**Part 9:    Personally Identifiable Information**

**16. Does the debtor collect and retain personally identifiable information of customers?**

■ No.
☐ Yes. State the nature of the information collected and retained.

**17. Within 6 years before filing this case, have any employees of the debtor been participants in any ERISA, 401(k), 403(b), or other pension or profit-sharing plan made available by the debtor as an employee benefit?**

☐ No. Go to Part 10.
■ Yes. Does the debtor serve as plan administrator?

☐ No Go to Part 10.
■ Yes. Fill in below:

| Name of plan | Employer identification number of the plan |
|---|---|
| **Gentlepro 401(k) Pension Plan** | EIN: |

Has the plan been terminated?
■ No
☐ Yes

---

**Part 10:    Certain Financial Accounts, Safe Deposit Boxes, and Storage Units**

**18. Closed financial accounts**

Within 1 year before filing this case, were any financial accounts or instruments held in the debtor's name, or for the debtor's benefit, closed, sold, moved, or transferred?
Include checking, savings, money market, or other financial accounts; certificates of deposit; and shares in banks, credit unions, brokerage houses, cooperatives, associations, and other financial institutions.

■ None

| Financial Institution name and Address | Last 4 digits of account number | Type of account or instrument | Date account was closed, sold, moved, or transferred | Last balance before closing or transfer |
|---|---|---|---|---|
| | | | | |

**19. Safe deposit boxes**

List any safe deposit box or other depository for securities, cash, or other valuables the debtor now has or did have within 1 year before filing this case.

---

Software Copyright (c) 1996-2016 Best Case, LLC - www.bestcase.com    Best Case Bankruptcy

Debtor    **Gentlepro Home Health Care, Inc.**    Case number *(if known)* _____

■ None

| Depository institution name and address | Names of anyone with access to it Address | Description of the contents | Do you still have it? |
|---|---|---|---|

20. **Off-premises storage**
List any property kept in storage units or warehouses within 1 year before filing this case. Do not include facilities that are in a part of a building in which the debtor does business.

■ None

| Facility name and address | Names of anyone with access to it | Description of the contents | Do you still have it? |
|---|---|---|---|

| Part 11: | Property the Debtor Holds or Controls That the Debtor Does Not Own |
|---|---|

21. **Property held for another**
List any property that the debtor holds or controls that another entity owns. Include any property borrowed from, being stored for, or held in trust. Do not list leased or rented property.

■ None

| Part 12: | Details About Environment Information |
|---|---|

For the purpose of Part 12, the following definitions apply:

*Environmental law* means any statute or governmental regulation that concerns pollution, contamination, or hazardous material, regardless of the medium affected (air, land, water, or any other medium).

*Site* means any location, facility, or property, including disposal sites, that the debtor now owns, operates, or utilizes or that the debtor formerly owned, operated, or utilized.

*Hazardous material* means anything that an environmental law defines as hazardous or toxic, or describes as a pollutant, contaminant, or a similarly harmful substance.

**Report all notices, releases, and proceedings known, regardless of when they occurred.**

22. **Has the debtor been a party in any judicial or administrative proceeding under any environmental law? Include settlements and orders.**

■ No.
☐ Yes. Provide details below.

| Case title Case number | Court or agency name and address | Nature of the case | Status of case |
|---|---|---|---|

23. **Has any governmental unit otherwise notified the debtor that the debtor may be liable or potentially liable under or in violation of an environmental law?**

■ No.
☐ Yes. Provide details below.

| Site name and address | Governmental unit name and address | Environmental law, if known | Date of notice |
|---|---|---|---|

24. **Has the debtor notified any governmental unit of any release of hazardous material?**

■ No.
☐ Yes. Provide details below.

| Site name and address | Governmental unit name and address | Environmental law, if known | Date of notice |
|---|---|---|---|

| Part 13: | Details About the Debtor's Business or Connections to Any Business |
|---|---|

Software Copyright (c) 1996-2016 Best Case, LLC - www.bestcase.com    Best Case Bankruptcy

Debtor   **Gentlepro Home Health Care, Inc.**                     Case number *(if known)* _____

---

**25. Other businesses in which the debtor has or has had an interest**
List any business for which the debtor was an owner, partner, member, or otherwise a person in control within 6 years before filing this case.
Include this information even if already listed in the Schedules.

■ None

| Business name address | Describe the nature of the business | Employer Identification number<br>Do not include Social Security number or ITIN.<br><br>Dates business existed |
|---|---|---|
| | | |

**26. Books, records, and financial statements**
26a. List all accountants and bookkeepers who maintained the debtor's books and records within 2 years before filing this case.
☐ None

| Name and address | | Date of service<br>From-To |
|---|---|---|
| 26a.1. | **James Hare**<br>**Mueller & Co, LLP**<br>**1707 North Randall Rd., Suite 200**<br>**Elgin, IL 60123** | |

26b. List all firms or individuals who have audited, compiled, or reviewed debtor's books of account and records or prepared a financial statement
within 2 years before filing this case.

■ None

26c. List all firms or individuals who were in possession of the debtor's books of account and records when this case is filed.

☐ None

| Name and address | | If any books of account and records are<br>unavailable, explain why |
|---|---|---|
| 26c.1. | **Mueller & Co., LLP**<br>**1707 North Randall Rd.**<br>**Suite 200**<br>**Elgin, IL 60123** | |

26d. List all financial institutions, creditors, and other parties, including mercantile and trade agencies, to whom the debtor issued a financial
statement within 2 years before filing this case.

■ None

| Name and address |
|---|

**27. Inventories**
Have any inventories of the debtor's property been taken within 2 years before filing this case?

■ No
☐ Yes. Give the details about the two most recent inventories.

| Name of the person who supervised the taking of the<br>inventory | Date of inventory | The dollar amount and basis (cost, market,<br>or other basis) of each inventory |
|---|---|---|

**28. List the debtor's officers, directors, managing members, general partners, members in control, controlling shareholders, or other people
in control of the debtor at the time of the filing of this case.**

| Name | Address | Position and nature of any<br>interest | % of interest, if<br>any |
|---|---|---|---|
| **Edith Querubin** | | **President** | **100% Owner** |

Debtor    **Gentlepro Home Health Care, Inc.**                                      Case number *(if known)* _____

| Name | Address | Position and nature of any interest | % of interest, if any |
|------|---------|-------------------------------------|-----------------------|
| Oliver Querubin | | Secretary and Treasurer | |

29. **Within 1 year before the filing of this case, did the debtor have officers, directors, managing members, general partners, members in control of the debtor, or shareholders in control of the debtor who no longer hold these positions?**

☑ No
☐ Yes. Identify below.

30. **Payments, distributions, or withdrawals credited or given to insiders**
Within 1 year before filing this case, did the debtor provide an insider with value in any form, including salary, other compensation, draws, bonuses, loans, credits on loans, stock redemptions, and options exercised?

☑ No
☐ Yes. Identify below.

| Name and address of recipient | Amount of money or description and value of property | Dates | Reason for providing the value |
|-------------------------------|------------------------------------------------------|-------|--------------------------------|

31. **Within 6 years before filing this case, has the debtor been a member of any consolidated group for tax purposes?**

☑ No
☐ Yes. Identify below.

| Name of the parent corporation | Employer Identification number of the parent corporation |
|--------------------------------|----------------------------------------------------------|

32. **Within 6 years before filing this case, has the debtor as an employer been responsible for contributing to a pension fund?**

☑ No
☐ Yes. Identify below.

| Name of the parent corporation | Employer Identification number of the parent corporation |
|--------------------------------|----------------------------------------------------------|

**Part 14:**   **Signature and Declaration**

**WARNING** -- Bankruptcy fraud is a serious crime.  Making a false statement, concealing property, or obtaining money or property by fraud in connection with a bankruptcy case can result in fines up to $500,000 or imprisonment for up to 20 years, or both.
18 U.S.C. §§ 152, 1341, 1519, and 3571.

I have examined the information in this *Statement of Financial Affairs* and any attachments and have a reasonable belief that the information is true and correct.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on    **April 11, 2017**

**/s/ Edith Querubin**                                           **Edith Querubin**
Signature of individual signing on behalf of the debtor         Printed name

Position or relationship to debtor    **President**

**Are additional pages to *Statement of Financial Affairs for Non-Individuals Filing for Bankruptcy* (Official Form 207) attached?**
☑ No
☐ Yes

B2030 (Form 2030) (12/15)

# United States Bankruptcy Court
### Northern District of Illinois

In re  **Gentlepro Home Health Care, Inc.**                          Case No. _____

                                                    Debtor(s)         Chapter  **11**

## DISCLOSURE OF COMPENSATION OF ATTORNEY FOR DEBTOR(S)

1.  Pursuant to 11 U .S.C. § 329(a) and Fed. Bankr. P. 2016(b), I certify that I am the attorney for the above named debtor(s) and that
    compensation paid to me within one year before the filing of the petition in bankruptcy, or agreed to be paid to me, for services rendered or to
    be rendered on behalf of the debtor(s) in contemplation of or in connection with the bankruptcy case is as follows:

    For legal services, I have agreed to accept ...................................................  $ _____**10,000.00**

    Prior to the filing of this statement I have received ...................................  $ _____**10,000.00**

    Balance Due .............................................................................................  $ _____**0.00**

2.  $__**1,717.00**__ of the filing fee has been paid.

3.  The source of the compensation paid to me was:

    ☐ Debtor        ■ Other (specify):   **Rolando Querubin**

4.  The source of compensation to be paid to me is:

    ■ Debtor        ☐ Other (specify):

5.  ■ I have not agreed to share the above-disclosed compensation with any other person unless they are members and associates of my law firm.

    ☐ I have agreed to share the above-disclosed compensation with a person or persons who are not members or associates of my law firm. A
       copy of the agreement, together with a list of the names of the people sharing in the compensation is attached.

6.  In return for the above-disclosed fee, I have agreed to render legal service for all aspects of the bankruptcy case, including:

    a.  Analysis of the debtor's financial situation, and rendering advice to the debtor in determining whether to file a petition in bankruptcy;
    b.  Preparation and filing of any petition, schedules, statement of affairs and plan which may be required;
    c.  Representation of the debtor at the meeting of creditors and confirmation hearing, and any adjourned hearings thereof;
    d.  [Other provisions as needed]
        **All fees subject to court approval**

7.  By agreement with the debtor(s), the above-disclosed fee does not include the following service:

---

### CERTIFICATION

I certify that the foregoing is a complete statement of any agreement or arrangement for payment to me for representation of the debtor(s) in
this bankruptcy proceeding.

**April 11, 2017**                                    **/s/ Joshua D. Greene**
_Date_                                                **Joshua D. Greene**
                                                      _Signature of Attorney_
                                                      **Springer Brown, LLC**
                                                      **300 S. County Farm Road**
                                                      **Suite I**
                                                      **Wheaton, IL 60187**
                                                      **630-510-0000  Fax: 630-510-0004**
                                                      **www.springerbrown.com**
                                                      _Name of law firm_

---

## RETAINER AGREEMENT

THIS RETAINER AGREEMENT IS MADE BY AND BETWEEN:

Joshua D. Grene
Springer Brown, LLC
300 S. County Farm Road
Suite I
Wheaton, IL 60187
jgreene@springerbrown.com

(hereinafter referred to as **"Attorney,"** and;

GentlePro Home Health Care

(hereinafter referred to as **"Client")**

Collectively, Attorney and Client are hereinafter referred to as the **"Parties."**

WITNESSETH

WHEREAS, Attorney has expertise in the representation of clients in bankruptcy matters and associated proceedings related thereto; and

WHEREAS, Client requires legal services related to its financial affairs that may include the filing of a bankruptcy petition; and

WHEREAS, Client desires to retain Attorney to represent GentlePro Home Health Care. with respect to its bankruptcy matters, including filing of a Chapter 11 Petition and to represent Client in regard to the pending collection efforts of various creditors and to provide such services as an independent contractor, and Attorney is agreeable to such a relationship and/or arrangement, and the Parties desire a written document formalizing and defining their relationship and evidencing the terms of their agreement;

THEREFORE, in consideration of the mutual covenants contained herein and other good and valuable consideration, it is agreed as follows:

**1. Appointment.**

Client hereby appoints Attorney as counsel for GentlePro Home Health Care and hereby retains and employs Attorney upon the terms and conditions of this Agreement.

**2. Engagement**

Attorney hereby accepts said Retainer Agreement and agrees to represent Gentlepro Home

Health Care upon the terms and conditions of this Agreement.

## 3. Authority and Description of Services

During the term of this Agreement Attorney shall provide such professional services and advice in connection with such matters as are specifically requested by Client, or as in the professional judgment of Attorney are reasonably necessary.

## 4. Term of Agreement

This Agreement shall become effective upon execution hereof and shall continue thereafter and remain in effect until the resolution of the case, or until the earlier termination by one of the Parties as provided herein.

## 5. Advance payment retainer

    a.  Attorney shall not be obligated to provide the services described herein until an advance payment retainer in the amount of $10,000.00 for attorney fees and $1,717.00 for the court filing fee is received.

    b.  The retainer to be paid under this Agreement is called an advance payment retainer. An advance payment retainer becomes the property of the attorney upon receipt. An advance payment retainer is not deposited in the attorney's trust account but is deposited in the attorney's general account. Services provided by Attorney and costs and expenses incurred in the defense of the case will be charged against the retainer as they are performed or incurred, or as otherwise set forth in this Agreement. On a periodic basis Attorney will render bills to Client showing the amount drawn against the retainer for services rendered and costs and expenses incurred. At the conclusion of the case or earlier termination of this Agreement any surplus of the retainer remaining will be refunded to Client. Attorney has chosen an advance payment retainer in this Agreement because Client is a defendant or potentially a defendant in numerous pending and potential lawsuits and in the event of the entry of an adverse judgment, the balance of the retainer would otherwise be subject to the remedies for collection available to the plaintiff.

    c.  Another type of retainer is called a security retainer. A security retainer remains the property of the client and is required to be deposited in the attorney's trust account. On a periodic basis the attorney renders bills to the client showing the amount due for services rendered and costs and expenses incurred. In the absence of an objection from the client the attorney may draw against the security retainer. At the conclusion of the case or earlier termination of the Attorney-Client relationship, the amount of the security retainer remaining in the trust account will be refunded to the client.

    d.  Client has the option to decline to pay an advanced payment retainer and insist upon the use of a security retainer. In that event, however, Attorney retains the right to decline the representation of Client and in that case this Agreement shall be immediately terminated and neither of the Parties shall have any further rights against or obligations to the other.

## 6. Duties of Client

The duties of Client are as follows:

a. Client shall supply Attorney on a regular and timely basis with all information and documents relevant to the issues in the case, or requested by Attorney, or responsive to any discovery initiated in the case.

b. Client shall be responsible for advising Attorney of any information or documents that would affect the accuracy of any prior information given to Attorney.

c. Client shall make himself available for a deposition or examination in the case, if requested.

d. Client shall assist in any negotiations for settlement of the case.

e. Because Attorney shall rely on such information to be supplied by Client, all such information shall be true, accurate, complete and not misleading, in all respects.

f. Client shall keep himself advised of the progress of the case and shall act diligently and promptly in reviewing materials submitted to him by Attorney and shall inform Attorney of any inaccuracies contained therein or objections thereto within a reasonable time so as to enable Attorney to make any corrections.

g. Client shall otherwise cooperate fully and timely with Attorney to enable Attorney to perform its duties and obligations under this Agreement.

## 7. Compensation, billing and payment

Attorney shall be compensated for services hereunder at the rate of $315.00 per hour for services to Client. In addition to the above amounts, Attorney shall be reimbursed for all reasonable and necessary costs and expenses advanced on behalf of Client. On a monthly basis, or more frequently in the discretion of Attorney, Attorney shall render bills to Client showing the amount earned for services rendered and due for costs and expenses advanced. Such amount shall be charged against the amount of any remaining retainer with the balance due and payable by Client within thirty (30) days of the date of the bill. Any amount remaining unpaid after thirty (30) days shall bear simple interest at the rate of eighteen (18%) percent per annum. Attorney has a policy that in the event a payment is not made on the date due, then in that event work may be suspended, without notice, until such time as arrangements have been made for payment.

## 8. Termination of Agreement

This Agreement may be terminated by either party prior to the conclusion of the case by notice to the other. It is specifically agreed that in the event Client fails or refuses to cooperate with Attorney or fails or refuses to make timely payment of the compensation set forth in this Agreement, Attorney shall have the right to suspend any further performance under this Agreement until such time as payment is made or, upon notice to Client, terminate this

Agreement and withdraw from the case. In such event all compensation shall become immediately due and payable.

## 9. Notices

Notice hereunder may be written or oral and if written, shall be addressed to the party at the address shown above or at such other address as the party may designate and may be given in person or by first class mail, postage prepaid, facsimile, or email. Notice in person, by facsimile or by email shall be effective immediately. Notice by first class mail, postage prepaid, shall be effective three (3) days after mailing.

## 10. Default

In the event Client fails to pay any amount due to Attorney hereunder, Attorney shall be entitled in any action brought to enforce this Agreement to recover all costs and expenses incurred, including reasonable attorney fees.

## 11. Return of Records

Upon termination of this Agreement, Attorney shall deliver all records, notes, data, and memorandum of any nature that are in the control of Attorney that are the property of or relate to the case, except that Attorney may retain copies of anything delivered.

## 12. Disclaimer By Attorney

Attorney makes no representation to Client or others with respect to the results to be achieved in the case.

## 13. Ownership of materials

All right, title and interest in and to materials to be produced by Attorney in connection with this Agreement and other services to be rendered under said Agreement shall be and remain the sole and exclusive property of Attorney, except in the event Client performs fully and timely its obligations hereunder Client shall be entitled to receive, upon request, one copy of all such materials, and shall be entitled to the non-exclusive right to use all such materials.

## 14. Miscellaneous.

a. Time is hereby expressly made of the essence of this Agreement with respect to the performance by the parties of their respective obligations hereunder.

b. This Agreement contains the entire agreement of the parties. It is declared by the Parties that there are no other oral or written agreements or understanding between them affecting this Agreement or relating to the business of Attorney. This Agreement supersedes all previous agreements between Attorney and Client.

c. This Agreement may be modified or amended provided such modifications or amendments are mutually agreed upon by the Parties and that said modifications or amendments are made only by an instrument in writing signed by the Parties or an oral agreement to the extent that the parties carry it out.

d. The failure of either party, at any time, to require any such performance by any other party shall not be constructed as a waiver of such right to require such performance, and shall in no way affect such party's right to require such performance and shall in no way affect such party's right subsequently to require a full performance hereunder.

e. THIS AGREEMENT IS EXECUTED PURSUANT TO AND SHALL BE INTERPRETED AND GOVERNED FOR ALL PURPOSES BY THE LAWS OF THE STATE OF ILLINOIS. ANY ACTION BROUGHT UNDER THIS AGREEMENT SHALL BE BROUGHT IN AND ONLY IN THE CIRCUIT COURT OF KANE COUNTY, ILLINOIS AND THE PARTIES WAIVE ANY OBJECTION TO JURISDICTION OR VENUE IN SUCH COURT.

f. If any provision of this Agreement shall be held to be contrary to law, void, invalid or unenforceable for any reason, such provision shall be deemed severed from this Agreement and the remaining provisions of this Agreement shall continue to be valid and enforceable. If a Court finds that any provision of this Agreement is contrary to law, void, invalid or unenforceable and that by limiting such provision it would become valid and enforceable, then such provision shall be deemed to be written, construed and enforced as so limited.

g. This Agreement may be executed in counterparts, notwithstanding the date or dates upon which this Agreement is executed and delivered by any of the parties, and shall be deemed to be an original and all of which shall constitute one agreement effective as of the reference date first written below. An executed faxed copy of this Agreement shall be construed by all parties hereto as an original version of the Agreement.

IN WITNESS WHEREOF, THE PARTIES hereto have set forth their hands and seal in
execution of this Agreement on March ___, 2017.

_____     3/28/17

Gentlepro Home Health Care, Inc.
By: Its authorized agent


_____

Joshua D. Greene
Springer Brown, LLC
300 S. County Farm Road
Suite I
Wheaton, IL 60187
jgreene@springerbrown.com

B2030 (Form 2030) (12/15)

# United States Bankruptcy Court
### Northern District of Illinois

In re   **Gentlepro Home Health Care, Inc.**

_____

Debtor(s)

Case No. _____

Chapter   **11**

## DISCLOSURE OF COMPENSATION OF ATTORNEY FOR DEBTOR(S)

1.  Pursuant to 11 U .S.C. § 329(a) and Fed. Bankr. P. 2016(b), I certify that I am the attorney for the above named debtor(s) and that compensation paid to me within one year before the filing of the petition in bankruptcy, or agreed to be paid to me, for services rendered or to be rendered on behalf of the debtor(s) in contemplation of or in connection with the bankruptcy case is as follows:

| | | |
|---|---|---|
| For legal services, I have agreed to accept | $ | 10,000.00 |
| Prior to the filing of this statement I have received | $ | 10,000.00 |
| Balance Due | $ | 0.00 |

2.  $ **1,717.00** of the filing fee has been paid.

3.  The source of the compensation paid to me was:

    ■ Debtor   ☐ Other (specify):

4.  The source of compensation to be paid to me is:

    ■ Debtor   ☐ Other (specify):

5.  ■ I have not agreed to share the above-disclosed compensation with any other person unless they are members and associates of my law firm.

    ☐ I have agreed to share the above-disclosed compensation with a person or persons who are not members or associates of my law firm.  A copy of the agreement, together with a list of the names of the people sharing in the compensation is attached.

6.  In return for the above-disclosed fee, I have agreed to render legal service for all aspects of the bankruptcy case, including:

    a.  Analysis of the debtor's financial situation, and rendering advice to the debtor in determining whether to file a petition in bankruptcy;
    b.  Preparation and filing of any petition, schedules, statement of affairs and plan which may be required;
    c.  Representation of the debtor at the meeting of creditors and confirmation hearing, and any adjourned hearings thereof;
    d.  [Other provisions as needed]
        **All fees subject to court approval**

7.  By agreement with the debtor(s), the above-disclosed fee does not include the following service:

---

### CERTIFICATION

I certify that the foregoing is a complete statement of any agreement or arrangement for payment to me for representation of the debtor(s) in this bankruptcy proceeding.

4/6/17
_____
Date

Joshua D. Greene
_Signature of Attorney_
**Springer Brown, LLC**
**300 S. County Farm Road**
**Suite I**
**Wheaton, IL 60187**
**630-510-0000  Fax: 630-510-0004**
**www.springerbrown.com**
_Name of law firm_

---

# United States Bankruptcy Court
### Northern District of Illinois

In re    **Gentlepro Home Health Care, Inc.** _____    Case No. _____

_____
Debtor(s)

Chapter    **11**

## LIST OF EQUITY SECURITY HOLDERS

Following is the list of the Debtor's equity security holders which is prepared in accordance with rule 1007(a)(3) for filing in this Chapter 11 Case

| Name and last known address or place of business of holder | Security Class | Number of Securities | Kind of Interest |
| --- | --- | --- | --- |
| **Edith Querubin** | | **100%** | |

## DECLARATION UNDER PENALTY OF PERJURY ON BEHALF OF CORPORATION OR PARTNERSHIP

I, the **President** of the corporation named as the debtor in this case, declare under penalty of perjury that I have read the foregoing List of Equity Security Holders and that it is true and correct to the best of my information and belief.

Date    **April 11, 2017** _____    Signature    **/s/ Edith Querubin** _____

**Edith Querubin**

*Penalty for making a false statement of concealing property:* Fine of up to $500,000 or imprisonment for up to 5 years or both.
18 U.S.C. §§ 152 and 3571.

# United States Bankruptcy Court
## Northern District of Illinois

In re **Gentlepro Home Health Care, Inc.** _____  Case No. _____

                                                 Debtor(s)      Chapter **11**

## VERIFICATION OF CREDITOR MATRIX

Number of Creditors: _____ **45**

The above-named Debtor(s) hereby verifies that the list of creditors is true and correct to the best of my (our) knowledge.

Date: **April 11, 2017** _____      **/s/ Edith Querubin** _____
                                                        **Edith Querubin/President**
                                                        Signer/Title

Accurate Therapy Resources, LLC
34 N. Mill Rd.
Addison, IL 60101


American Express
Box 0001
Los Angeles, CA 90096


Angel Care Nursing & Therapy Servic
5875 N Lincoln Ave LL 49
Chicago, IL 60659


Answer Service Plus
4314 F Crystal Lake Rd
McHenry, IL 60050


AT & T
P.O. Box 8220
Aurora, IL 60572-8220


Blue Cross Blue Shield of Illinois
300 E Randolf Street
Chicago, IL 60601


Care Plus Nursing & Rehabilitation,
616 N North Court
Ste 270
Palatine, IL 60067


Com Ed
Bill Payment Center
P.O. Box 6111
Carol Stream, IL 60197


Cook County Photocopy Co., Inc.
1600 W Jarvis Ave.
Elk Grove Village, IL 60007


CT Care Ltd.
1617 Longmeadows Dr
Glenview, IL 60026


Dependable Fire Equipment
100 N LeBaron Street
Waukegan, IL 60085-3025

Edith Querubin


Esolutions
P.O. Box 414378
Kansas City, MO 64141


Garvey's Office Products
P.O. Box 6667
Chicago, IL 60666


Gentlepro Hospice Services
2060 E Algonquin Rd
Schaumburg, IL 60173


Gentlepro Hospice Services Corp
2060 E Algonquin Rd
Schaumburg, IL 60173


Home Therapeutic Services Corp
3205 Robincrest Dr
Northbrook, IL 60062


Home Therapy Progrress Ltd
650 Murry Ln Ste 206
Des Plaines, IL 60016


Illinois Department of Revenue
Bankruptcy Section Level 7-425
100 W. Randolph Street
Chicago, IL 60602


Illinois Dept Employment Security
Chicago Region - Revenue
527 S. Wells Street, Suite 100
Chicago, IL 60607


Illinois Therapeutic & Nursing Serv
6055 n Linclon Ave., Ste 102
Chicago, IL 60659-3435


Impact Networking
25888 Network Place
Chicago, IL 60673

Internal Revenue Service
Mail Stop 5010 CHI
230 S. Dearborn Street
Chicago, IL 60604


Internal Revenue Service
Centralized Insolvency Operation
PO Box 21125
Philadelphia, PA 19114


Marc Realty
55 East Jackson Blvd., Suite 500
Chicago, IL 60604


Mueller & Company
4920 n Central Ave
Ste 1C
Elgin, IL 60123


North America Rehab Services
4920 N Central Ave
Ste 1C
Chicago, IL 60630-2342


Orion Rehab Inc.
c/o Jeffrey Francis
611 S Wells St., Ste 2405
Chicago, IL 60607


Parkway Printing
PO Box 434
Prospect Heights, IL 60070


Pitney Bowes
PO Box 371887
Pittsburgh, PA 15250


Public Storage
2401 Lois Drive
Rolling Meadows, IL 60008


Querubin Rolando
5315 Fox Path Ln.
Hoffman Estates, IL 60192

Reynaldo Querubin


Sams Club Mastercard
PO Box 960013
Orlando, FL 32896


Shield Healthcare
File 50768
Los Angeles, CA 90074


Speech Masters
5105 Tollview Dr
Ste 106
Rolling Meadows, IL 60008


St. Johns Therapy Services
2301 Cline Ave
Ste 105
Schererville, IN 46375


Staples Business Advantage
Dep 2368
P.O.Box 83689
Chicago, IL 60696-3689


Stericycle
401 Commercial Avenue
Northbrook, IL 60062


Sunshine Therapeutics, Ltd
2141 HabbertonAve.
Park Ridge, IL 60068


Therapeutic Services of America
2625 Butterfield Rd
Oak Brook, IL 60523


United Rehab Providers Home Health
8224 S. Kedzie Avenue
Chicago, IL 60652


Universal Rehab
7000 Southwest Ridge
Chicago Ridge, IL 60415

Waterlogic, east, LLC
77 McCullough Drive
Suite 9
Celoron, NY 14720


Web bank
c/o CAN Capital Asset Servicing
155 North 400, Suite 315
Salt Lake City, UT 84103

# United States Bankruptcy Court
## Northern District of Illinois

In re   **Gentlepro Home Health Care, Inc.**

Debtor(s)

Case No.

Chapter   **11**

### CORPORATE OWNERSHIP STATEMENT (RULE 7007.1)

Pursuant to Federal Rule of Bankruptcy Procedure 7007.1 and to enable the Judges to evaluate possible disqualification or recusal, the undersigned counsel for   **Gentlepro Home Health Care, Inc.**   in the above captioned action, certifies that the following is a (are) corporation(s), other than the debtor or a governmental unit, that directly or indirectly own(s) 10% or more of any class of the corporation's(s') equity interests, or states that there are no entities to report under FRBP 7007.1:

■ None [*Check if applicable*]

**April 11, 2017**

Date

**/s/ Joshua D. Greene**

**Joshua D. Greene**

Signature of Attorney or Litigant

Counsel for   **Gentlepro Home Health Care, Inc.**

**Springer Brown, LLC**
**300 S. County Farm Road**
**Suite I**
**Wheaton, IL 60187**
**630-510-0000 Fax:630-510-0004**
**www.springerbrown.com**