## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE NORTHERN DISTRICT OF ILLINOIS
## EASTERN DIVISION

| | | | |
|---|---|---|---|
| In re: | ) | Chapter: | 11 |
| | ) | | |
| | ) | Case No. | 17 B 11377 |
| Gentlepro Home Health Care, Inc., | ) | | |
| | ) | Judge: | Hon. Janet S. Baer |
| | ) | | |
| Debtor. | ) | | |

## NOTICE OF MOTION

TO:   See attached Service List

Please take notice that on **May 3, 2017** at **9:30 a.m.**, Joshua D. Greene of the firm of Springer Brown, LLC shall appear before the Honorable Judge **Janet S. Baer**, or any judge sitting in her place and stead, in **Courtroom No. 615** in the United States Bankruptcy Court, for the Northern District of Illinois, Eastern Division, located at **2l9 South Dearborn, Chicago, Illinois**, and present *Debtor's Motion for Interim and Final Orders (A) Authorizing Debtor to Use Cash Collateral and Other Collateral and Granting Adequate Protection Pursuant to Sections 361, 362 and 363 of the Bankruptcy Code, and (B) to Schedule a Final Hearing*, a copy of which is hereby served upon you.

Joshua D. Greene
Springer Brown, LLC
300 South County Farm Rd., Suite I
Wheaton, IL 60187
630-510-0000
jgreene@springerbrown.com

## CERTIFICATE OF SERVICE

I, the undersigned, an attorney, hereby state that pursuant to the Administrative Procedures for the Case Management/Electronic Case Filing System, I caused a copy of the foregoing NOTICE OF MOTION and MOTION to be served on all persons set forth on the attached Service List identified as Registrants through the Court's Electronic Notice for Registrants and, as to all other persons on the attached Service List by mailing a copy of same in an envelope properly addressed and with postage fully prepaid and by depositing same in the U.S. Mail on April 24, 2017

/s/ Joshua D. Greene /s/

## SERVICE LIST

*Via Electronic Service*

Unites States Trustee
Patrick S. Layng
219 South Dearborn St.
Suite 873
Chicago, Illinois 60604

*Via United States Mail*

Department of the Treasury
Internal Revenue Service
P.O. Box 7346
Philadelphia, PA 19101-7346

Gentlepro Home Health Care, Inc.
2060 East Algonquin Road
Suite 702
Schaumburg, IL 60173-4162

Internal Revenue Service
Mail Stop 5014 CHI
230 S. Dearborn Street
Room 2600
Chicago, IL 60604-1705

AT & T
P.O. Box 8220
Aurora, IL 60572-8220

Accurate Therapy Resources, LLC
34 N. Mill Rd.
Addison, IL 60101-3211

American Express
Box 0001
Los Angeles, CA 90096-8000

Angel Care Nursing & Therapy Servic
5875 N Lincoln Ave LL 49
Chicago, IL 60659-4669

Answer Service Plus
4314 F Crystal Lake Rd
McHenry, IL 60050-4281

Blue Cross Blue Shield of Illinois
300 E Randolf Street
Chicago, IL 60601-5099

CT Care Ltd.
1617 Longmeadows Dr
Glenview, IL 60026-1546

Care Plus Nursing & Rehabilitation
616 N North Court|Ste 270
Palatine, IL 60067-8171

Com Ed
Bill Payment Center
P.O. Box 6111
Carol Stream, IL 60197-6111

Cook County Photocopy Co., Inc.
1600 W Jarvis Ave.
Elk Grove Village, IL 60007-2404

Dependable Fire Equipment
100 N LeBaron Street
Waukegan, IL 60085-3027

Esolutions
P.O. Box 414378
Kansas City, MO 64141-4378

Garvey's Office Products
P.O. Box 6667
Chicago, IL 60680-6667

Gentlepro Hospice Services
2060 E Algonquin Rd
Schaumburg, IL 60173-4162

Home Therapeutic Services Corp
3205 Robincrest Dr
Northbrook, IL 60062-5124

Home Therapy Progrress Ltd
650 Murry Ln Ste 206
Des Plaines, IL 60016-5603

ILLINOIS THERAPEUTIC AND NURSING SERVICE
C/O MARKOFF LAW LLC
29 N WACKER DRIVE
SUITE 550
CHICAGO, IL 60606-2851

ILLINOIS DEPARTMENT OF REVENUE
BANKRUPTCY DEPARTMENT
P O BOX 64338
CHICAGO IL 60664-0338

Illinois Dept Employment Security
Chicago Region – Revenue
527 S. Wells Street, Suite 100
Chicago, IL 60607-3962

Illinois Therapeutic & Nursing Serv
6055 n Linclon Ave., Ste 102
Chicago, IL 60659-2435

Impact Networking
25888 Network Place
Chicago, IL 60673-1258

INTERNAL REVENUE SERVICE
CENTRALIZED INSOLVENCY OPERATIONS
PO BOX 7346
PHILADELPHIA PA 19101-7346

Marc Realty
55 East Jackson Blvd., Suite 500
Chicago, IL 60604-4396

Mueller & Company
4920 n Central Ave
Ste 1C
Elgin, IL 60123

North America Rehab Services
4920 N Central Ave
Ste 1C
Chicago, IL 60630-2342

Orion Rehab Inc.
c/o Jeffrey Francis
611 S Wells St., Ste 2405
Chicago, IL 60607-4798

Parkway Printing
PO Box 434
Prospect Heights, IL 60070-0434

Pitney Bowes
PO Box 371887
Pittsburgh, PA 15250-7887

Public Storage
2401 Lois Drive
Rolling Meadows, IL 60008-3828

Querubin Rolando
5315 Fox Path Ln.
Hoffman Estates, IL 60192-4547

Sams Club Mastercard
PO Box 960013
Orlando, FL 32896-0013

Shield Healthcare
File 50768
Los Angeles, CA 90074-0001

Speech Masters
5105 Tollview Dr
Ste 106
Rolling Meadows, IL 60008-3724

St. Johns Therapy Services
2301 Cline Ave
Ste 105
Schererville, IN 46375-2570

Staples Business Advantage
Dep 2368
P.O.Box 83689
Chicago, IL 60696-3689

Stericycle
401 Commercial Avenue
Northbrook, IL 60062

Sunshine Therapeutics, Ltd
2141 HabbertonAve.
Park Ridge, IL 60068-1737

Therapeutic Services of America
2625 Butterfield Rd
Oak Brook, IL 60523-1262

United Rehab Providers Home Health
8224 S. Kedzie Avenue
Chicago, IL 60652-3329

Universal Rehab
7000 Southwest Ridge
Chicago Ridge, IL 60415-2806

Waterlogic, east, LLC
77 McCullough Drive,
Suite 9
Celoron, NY 14720

Web bank
c/o CAN Capital Asset Servicing
155 North 400, Suite 315
Salt Lake City, UT 84103-1111

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | | |
|---|---|---|---|
| In re: | ) | Chapter: | 11 |
| | ) | | |
| | ) | Case No. | 17 B 11377 |
| Gentlepro Home Health Care, Inc., | ) | | |
| | ) | Judge: | Hon. Janet S. Baer |
| | ) | | |
| Debtor. | ) | | |

**DEBTOR'S MOTION FOR INTERIM AND FINAL ORDERS (A) AUTHORIZING DEBTOR TO USE CASH COLLATERAL AND OTHER COLLATERAL AND GRANTING ADEQUATE PROTECTION PURSUANT TO SECTIONS 361, 362 AND 363 OF THE BANKRUPTCY CODE, AND (B) TO SCHEDULE A FINAL HEARING**

NOW COMES the Debtor-In-Possession, Gentlepro Home Health Care, Inc. ("Debtor"), by its undersigned counsel, Joshua D. Greene and the firm of Springer Brown, LLC, and submits this Motion for Entry of Interim and Final Orders Authorizing the Debtor to Use Cash Collateral and Granting Adequate Protection Pursuant to 11 U.S.C. §§361, 362 and 363, and to Schedule a Final Hearing (the "Motion"). In support of this Motion, the Debtor submits as follows:

**Jurisdiction and Background**

1. On April 11, 2017 (the "Petition Date"), Debtor filed a voluntary petition in this Court for reorganization under Chapter 11 of Title 11 of the United States Bankruptcy Code, 11 U.S.C. §§101 *et seq* (the "Code").

2. The Debtor continues to manage and operate its business as debtor-in-possession pursuant to Sections 1107 and 1108 of the Code.

3. The Court has jurisdiction over this matter pursuant to 28 U.S.C. §§157 and 1334. Venue is proper pursuant to 28 U.S.C. §§1408 and 1409. This is a core proceeding pursuant to 28 U.S.C. §157(b).

4. The statutory basis for the relief requested by the Motion are 11 U.S.C. §§361, 362 and 363, Rules 2002, 4001 and 9014 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules") and Rule 4001-2 of the Local Rules of the United States Bankruptcy Court for the Northern District of Illinois (the "Local Rules")

5. Debtor provides home health care services, including nursing and rehabilitation therapy to individuals throughout the Chicagoland area. Due to complications and delay in receiving Medicare payments, and lawsuits initiated by two of its creditors, it was forced to file the present bankruptcy proceeding.

**Prepetition Capital Structure**

6. Prior to the Petition Date, Debtor owed certain sums of money to the Internal Revenue Service, portions of which were secured by a federal tax lien. As of the Petition Date, according to the proof of claim filed by the IRS, there was and remains due and owing from the Debtor to the IRS the total secured amount of $86,352.11.

7. As of the Petition Date, the IRS holds a perfected lien on substantially all of the Debtor's pre-petition assets, including but not limited to, cash on hand, inventory, equipment, accounts receivable, and general intangibles, together with the proceeds thereof.

**Relief Requested**

8. By this Motion, the Debtor requests (A) entry of interim and final orders authorizing the Debtor to use the IRS's cash collateral pursuant to Sections 361, 362 and 363 of the Code and any other collateral in which the IRS has an interest in (the "Prepetition Collateral"), and provide adequate protection of the IRS' interests in the Prepetition Collateral resulting from its use; and (B) pursuant to Bankruptcy Rule 4001, schedule, within 30 days of the entry of the Interim Cash Collateral Order, a hearing (the "Final Hearing") for this Court to consider entry of a final order authorizing the use of Cash Collateral, as set forth in this Motion.

The proposed interim cash collateral order to be entered ("Interim Cash Collateral Order") is attached hereto.

9. Without the use of the Cash Collateral, the Debtor does not have sufficient available working capital to finance its ongoing post-petition business operations. Debtor believes that use of its Cash Collateral will allow it to operate as a going concern, and thus maximize the value of the estate for all creditors. In the absence of immediate authorization of the use of the Cash Collateral, the Debtor could not continue to operate its business, and will incur immediate and irreparable harm to its estate. The use of such Prepetition Collateral is fair and reasonable and reflects the Debtor's exercise of prudent business judgment consistent with its fiduciary duties. Further, the Debtor believes that the proposed adequate protection payment of $_____ per month for the IRS, including the use of Cash Collateral to pay post-petition operating expenses and post-petition liens, will preserve the value of the Debtor's estate for the benefit of the IRS.

10. Local Rule 4001-2, which governs cash collateral motions filed within this Judicial District, requires the Debtor to highlight certain provisions contained in the Interim Cash Collateral Order, identify the location of any such provision in such order, and state the justification for the inclusion of such provision. The Debtor believes that Local Rule 4001-2 is minimally implicated by the provisions of the Interim Cash Collateral Order, but to the extent that Local Rule 4001-2 is implicated, that such provisions are justified and necessary in the context and circumstances of this case.

11. Local Rule 4001-2(A)(2)(b) provides for additional disclosure with respect to findings of fact that bind the estate or all parties in interest with respect to the validity, perfection or amount of the secured creditor's lien without giving parties in interest at least 75 days from the entry of the order and the creditors' committee, if formed, at least 60 days from the date of its

formation to investigate such matters. In Sections (2) and (I) of the Interim Cash Collateral Order, Debtor acknowledges the validity and amount of the IRS tax lien. However, Debtor believes that these sections are appropriate because it may be necessary to obtain the IRS's consent to the use of cash collateral. Moreover, the Interim Cash Collateral order provides that this provision is not binding on any future creditor's committee or trustee.

12.  Local Rule 4001-2(A)(3) requires that all cash collateral motions provide a summary of all provisions that must be highlighted under Local Rule 4001-2(A)(2) and a summary of the essential terms of the proposed usage of cash collateral. Debtor asserts that it has complied with this requirement by attaching the Interim Cash Collateral Order, which contains all of the terms of the Debtor's use of Cash Collateral, including those specifically referenced in Local Rule 4001-2(A)(3).

13.  Lastly, Local Rule 4001-2(A)(4) provides that all cash collateral motions must provide a budget covering the time period in which the order shall remain in effect. In satisfaction of such requirement, attached to the Motion as <u>Exhibit A</u> is a copy of the budget (the "Budget"). The Debtor shall file updated versions of the Budget with the Court as such updates become available.

### The Court Should Allow the Debtor to Provide Adequate Protection

14.  Under Section 363(c)(2) of the Code, the Debtor may not use the Cash Collateral without the consent of the Secured Lenders or authority granted by the court. 11 U.S.C. §363(c)(2). Section 363(e) of the Bankruptcy Code provides that on request of an entity that has an interest in property to be used by a debtor, the court shall prohibit or condition such use as is necessary to provide adequate protection of such interest. 11 U.S.C. §363(e).

15.  As adequate protection for the IRS's interest in the Cash Collateral, the Debtor proposes to use the Cash Collateral solely for the purposes outlined in the Interim Cash

Collateral Order. The Debtor further proposes to: (1) make adequate protection payments to the IRS in the amount of $_____ per month; (2) for any diminution in value of the IRS's interests in the Cash Collateral from and after the Petition date, grant the IRS a replacement lien on all of the Debtor's assets; and (3) for any diminution in value of the IRS's interests in the Cash Collateral from and after the Petition date, grant the IRS an administrative expense claim pursuant to Section 507(b) of the Code.

16.    The Debtor requests that the Court find that the foregoing adequate protection to be granted to the IRS is reasonable and sufficient to protect its interests, without prejudice to the rights of the IRS to request additional adequate protection in the future.

WHEREFORE, the Debtor prays for entry of the Proposed Cash Collateral Order and granting such other and further relief as the court deems equitable and just.

> Respectfully Submitted,
> Gentlepro Home Health Care, Inc.
>
> By: /s/ Joshua D. Greene
>     One of its attorneys

Joshua D. Greene
**Springer Brown, LLC**
300 South County Farm Rd.
Suite I
Wheaton, Illinois 60187
(630) 510-0000
Fax: (630) 510-0004
jgreene@springerbrown.com