UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF ILLINOIS
Eastern Division

| | | |
|---|---|---|
| In Re: | ) | BK No.:  17-11377 |
| Gentlepro Home Health Care, Inc. | ) | |
| | ) | |
| | ) | Chapter: 11 |
| | ) | |
| | ) | Honorable Janet S. Baer |
| | ) | |
| Debtor(s) | ) | |

## INTERIM ORDER APPROVING USE OF CASH COLLATERAL

This matter coming on to be heard on the Motion of Gentlepro Home Health Care, Inc., Debtor and Debtor-in-Possession (hereinafter "Debtor"), for the authority to use cash collateral on an interim basis; due and proper notice having been given pursuant to the requirements of 11 U.S.C. §363(c)(2) and Rule 4001 of the Federal Rules of Bankruptcy Procedure; the court having examined the foregoing Motion; and the Court being fully advised in the premises, and having conducted a hearing on the need for use of cash collateral:

THE DEBTOR STIPULATES AS FOLLOWS:

1. This case was commenced on April 11, 2017 (the "Petition Date") when the Debtor filed a voluntary petition under Chapter 11 of the Bankruptcy Code. No trustee has been appointed. The Debtor has continued to manage its business and assets and to administer the affairs of its estate as debtor in possession in accordance with 11 U.S.C. §§ 1107 and 1108.

2. The Debtor acknowledges, that there exists a valid lien upon the assets of the Debtor as of the date of the filing of the petition herein, and the cash proceeds thereof by Can Capital ("Secured Creditor") who holds a security interest in substantially all the assets of the Debtor by way of a lien duly filed of which the amount of $79,014.32 was still due and owing as of the Petition Date. This acknowledgement is not binding on any future trustee or creditor's committee appointed in this matter and does not extend to any action to avoidance actions that may be commenced by the Debtor.

3. An immediate need exists for the Debtor to use the Pre-petition Collateral, including, but not limited to, the cash collateral outlined above in the motion to continue its business operations.

4. The Debtor is unable to obtain, on an immediate basis, credit allowable under 11 U.S.C. §503 (b) and/or §364(a).

5. The Secured Creditor is unwilling to permit the use of any of its Pre-Petition Collateral, including its cash collateral, without the protection afforded by U.S.C. §364(c)(1), (c)(2) and (c)(3), and Debtor is unable to acquire credit on any terms which are more favorable.

6. The Debtor has provided such notice to creditors and other parties as was practicable under the circumstances.

7. The actual notice issued regarding the subject motion was appropriate for the circumstances of this case in that a reasonable opportunity for a hearing has been afforded all parties;

8. Cause has been shown for the entry of this Order. Among other things, entry of this Order will minimize disruption of the Debtor as a "going concern", will increase the possibilities for a successful reorganization, and is in the best interest of the Debtor, its creditors and its estate.

Based upon the foregoing, IT IS HERBY ORDERED AS FOLLOWS:

I. The Secured Creditor shall be secured by a lien to the same extent, priority and validity as existed prior to the Petition date; that the Secured Creditor shall receive a security interest in and replacement lien upon all of the Debtor's now existing or hereafter acquired property, real or personal, whether in existence before or after the Petition Date including, without limitation, accounts receivable, inventory, machinery and equipment, and the proceeds and products thereof, to the extent actually used and for the diminution, if any, in the value of the Secured Creditors' Collateral securing all indebtedness of the Debtor to the Secured Creditor, which replacement lien shall be the same lien as existed as the pre-petition valid liens of record.

II. The liens granted herein above shall be valid, perfected, and enforceable without any further action by the Debtor and/or the Secured Creditor, and need not be separately documented. However, this stipulation as to the validity and perfection of the Secured Creditor's lien shall not be binding on any creditor's committee or trustee subsequently appointed.

III. In addition to and as a supplement to the foregoing protections, Debtor shall maintain insurance covering the full value of all collateral, and shall permit on site inspection of such collateral, policies of insurance, and financial statements, including, but not limited to, monthly operating reports, upon reasonable notice by secured party, during normal business hours.

IV. The Debtor shall maintain a separate operating account, and with the exception of funds needed for petty cash and other payments in the normal course of business or otherwise allowed by Court, the Debtor shall deposit and maintain all cash and all proceeds of accounts receivable, inventory, contract rights, and general intangibles in said account.

V. The Debtor shall make interim monthly payments to Secured Creditor on or before the 15th of each month in the amount of $1,400.00 as adequate protection of Secured Creditor's security interest in the Debtor's assets. The payments are provisional pending a final order. (JSB)

VI. A copy of any Disclosure Statement or Plan of Reorganization proposed by the Debtor, ~~a copy~~ of each monthly operating report, and notice of all matters which might affect the Secured Creditor's secured position or the ultimate collectability of its claim herein shall be timely mailed to the Secured Creditor.

VII. This Order shall remain in effect until May 25, 2017, at 10:00 a.m., at which time a final (JSB) hearing on the use of cash collateral will take place in courtroom 615 of the Dirksen Federal Building, 219 South Dearborn St., Chicago, Illinois.

VIII. Any objections to this Order shall be in writing and shall be served upon the attorney for the Debtor, the Secured Creditor, and the Office of the United States Trustee, at the addresses hereinafter referenced:

Office of the United States Trustee
219 S. Dearborn, Rm. 873
Chicago, IL 60606

Attorney for the Debtor
Joshua D. Greene
Springer Brown, LLC
300 South County Farm Rd., Suite I
Wheaton, Illinois 60187


X. This Court finds and orders that this is a core proceeding under 28 U.S.C. §157(b)(2)(D), and this Order shall be an Interim Order fully effective upon its entry this Court.

Rev: 20130104_bko

Enter:

_United States Bankruptcy Judge_

Dated: 4-25-17

**Prepared by:**
Joshua D. Greene
Springer Brown, LLC
300 South County Farm Rd., Suite 1
Wheaton, Illinois 60187
(630) 510-0000
jgreene@springerbrown.com

Rev: 20130104_bko